**Doyle Dean COBB, Appellant,**

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Texas Department Of Criminal Justice, Institutional Division, Charles James, & Roy Corley, Appellees.**

No. 01–96–00954–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 5, 1998.

Doyle Dean Cobb, Huntsville, for Appellant.

Linda M. Kearney, Austin, for Appellees.

Before O'CONNOR, MIRABAL and NUCHIA, JJ.

### OPINION

O'CONNOR, Justice.

This is a negligence claim brought by an inmate of the Texas Department of Criminal Justice. We reverse and remand the case for further proceedings.

### Facts & Procedural History

Doyle Dean Cobb, the plaintiff, is an inmate of the Texas Department of Criminal Justice in Huntsville, Texas (TDCJ). On

July 25, 1995, while working in the butcher shop at the prison, he slipped on the floor and fell, cutting his hand on the saw he was using. He filed a grievance with the TDCJ, which was sustained. He then filed suit against the TDCJ and the Texas Department of Criminal Justice–Institutional Division (together referred to as TDCJ), and Charles James and Roy Corley, two TDCJ employees who supervised the plaintiff while he worked in the butcher shop (collectively, the defendants). The plaintiff sued Corley and James for negligence, alleging they acted in bad faith and with callous and reckless disregard for his rights and welfare. He sued the TDCJ under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM.CODE §101.021(a), claiming the TDCJ's employees' negligence caused his injuries. The plaintiff alleged the defendants acted in a grossly negligent manner. He claimed the dangerous condition of the butcher shop floor was known to Corley and James and that at least two other people had been injured on the floor in the past.

The defendants answered, claiming quasi-judicial, official, and sovereign immunity, and that the plaintiff did not plead a condition or use of tangible property.

The plaintiff moved for summary judgment, claiming the evidence produced through discovery proved the defendants' negligence as a matter of law. The defendants also filed a motion for summary judgment. Before the trial court ruled on either motion, the plaintiff supplemented his complaint, adding claims of gross negligence against James and Corley.

The trial court denied the plaintiff's motion and granted summary judgment for the defendants. On appeal, the plaintiff raises the following points of error: (1) the trial court erred in not granting his motion for summary judgment, and (2) the trial court erred in granting summary judgment for the defendants.

### Summary Judgment Standard

Summary judgment is proper only if the movant establishes there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Bangert v. Baylor College of Medicine*, 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied). We will affirm if any of the theories advanced in the motion for summary judgment is meritorious. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996).

In reviewing the summary judgment, we indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Johnson*, 891 S.W.2d at 644; *Bangert*, 881 S.W.2d at 565–66. In our review, we assume all the evidence that is favorable to the nonmovant is true. *Johnson*, 891 S.W.2d at 644; *Bangert*, 881 S.W.2d at 565.

A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). A defendant is also entitled to summary judgment if he conclusively establishes all elements of an affirmative defense as a matter of law. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex.1991); *Bangert*, 881 S.W.2d at 566.

Once the movant has established a right to a summary judgment, the burden shifts to the nonmovant. The nonmovant must respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Marchal*, 859 S.W.2d at 412.

### 1. Plaintiff's Motion for Summary Judgment

In point of error one, the plaintiff argues the trial court erred in not granting his motion for summary judgment. He claims the evidence on file and attached to his motion for summary judgment established the defendants were negligent as a matter of law. The summary judgment evidence merely raises the issue of the defendants' negligence; it does not establish the defendants' negligence as a matter of law.

We overrule point of error one.

### 2. Defendants' Motion for Summary Judgment

In point of error two, the plaintiff argues the trial court erred in granting summary judgment for the defendants. He argues the defendants did not prove they were entitled to governmental immunity as a matter of law.

The defendants respond that the trial court properly granted summary judgment in their favor. They make the following arguments in favor of affirming the judgment: (1) the plaintiff's injuries were caused by a premises defect, thus his claim must satisfy the requirements of Tex. Civ. Prac. & Rem.Code §101.022; (2) Corley and James are protected against any claims of negligence by Tex. Gov't Code §497.096 and common-law official immunity; and (3) the defendants proved Corley and James were not grossly negligent and thus, are not liable under Tex. Gov't Code §497.096.

### A. The Tort Claims Act & Premises Defects

 The Texas Tort Claims Act provides governmental liability for personal injuries caused by a condition of real property if the governmental unit would, were it a private person, be liable under Texas law. *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex.1997). The Act provides different standards of care depending on whether the claim arises from an ordinary premise defect or a special defect. *Id.*; *see* Tex. Civ. Prac. & Rem.Code §101.022 (1998). If the condition causing the injury was an ordinary premise defect, the governmental entity owes the claimant the same duty that a private landowner owes a licensee. *Roberts*, 946 S.W.2d at 843; Tex. Civ. Prac. & Rem.Code §101.022(a). The duty a landowner owes a licensee is not to injure the licensee through willful, wanton, or grossly negligent conduct. *State Dep't of Highways v. Payne*, 838 S.W.2d 235, 237 (Tex.1992). However, if the landowner has knowledge of a dangerous condition and the licensee does not, the landowner has a duty either to warn the licensee or to make the condition reasonably safe. *Id.*

 Because the Act does not define the words "premises defect," the courts look to the ordinary meaning of the words. *Billstrom v. Memorial Med. Ctr.*, 598 S.W.2d 642, 646 (Tex.App.—Corpus Christi 1980, no writ). "Premises" is defined as a building, its parts, grounds, and appurtenances. *Id.* A "defect" is defined as an imperfection, shortcoming, or "want of something necessary for completion." *Id.*

 We find the cause of the plaintiff's injury, the slippery, uneven floor of the butcher shop, was a premise defect. *See State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974) (a slippery floor held to be a premise defect); *Brazoria County v. Davenport*, 780 S.W.2d 827, 828–29 (Tex.App.—Houston [1st Dist.] 1989, no writ) (wet, slippery sidewalk was premise defect); *Blankenship v. County of Galveston*, 775 S.W.2d 439, 441–42 (Tex. App.—Houston [1st Dist.] 1989, no writ) (slippery, wet algae growth on rocks at the base of stairs leading down from the Galveston sea wall was a premise defect, not a special defect); *see also University of Texas Med. Branch v. Davidson*, 882 S.W.2d 83, 85–86 (Tex.App.—Houston [14th Dist.] 1994, no writ) (a defective elevator, while a separate piece of equipment, was held an integral part of the building, thus a premise defect); *Billstrom*, 598 S.W.2d at 646–47 (a defective window screen held to be a premise defect; the screen was an appurtenance to the building). Therefore, the duty the defendants owed to the plaintiff was not to injure willfully, wantonly, or through gross negligence. *Payne*, 838 S.W.2d 235, 237 (Tex.1992). Because the plaintiff knew about the defect, he can recover only if he can prove gross negligence or willful, wanton conduct. *Weaver v. KFC Mgmt., Inc.*, 750 S.W.2d 24, 26 (Tex. App.—Dallas 1988, writ denied); *see Davenport*, 780 S.W.2d at 829 (because jury found plaintiff knew of slippery condition, on appeal, judgment could only be sustained if evidence supported finding of gross negligence of county). Thus, because the plaintiff admits he knew the floor was slippery and uneven, he may only recover under the Act if he can show Corley and James were grossly negligent or acted willfully or wantonly.

## B. Gross Negligence of Corley & James

Gross negligence is the entire want of care which raises the conclusion that the act or omission was the result of conscious indifference to the welfare of the injured party. *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex.1981); *Davenport*, 780 S.W.2d at 829. Ordinary negligence rises to the level of gross negligence if the defendant's act or omission shows he was aware of the danger and did not care enough to avoid it. *Burk Royalty*, 616 S.W.2d at 920; *Davenport*, 780 S.W.2d at 829.

On appeal, the defendants argue their summary judgment evidence—work orders, training and safety logs, and their responses to the plaintiff's discovery requests—proved Corley and James were not grossly negligent. They claim the evidence proved Corley and James were not negligent and took steps to remedy the situation, ordering the floor to be repaired.

On appeal, the plaintiff argues the work orders showed Corley and James were grossly negligent because they were aware of the hazard and still required him to work on the floor. He claims Corley and James had the ability to move the butcher shop to another area or to move the shop to refrigeration-freezer vans (refer vans) until the floor was made safe. The evidence showed that, three months after the plaintiff's accident, the butcher shop was moved into two refer vans while the shop was repaired. The plaintiff asserts the failure to move the shop before he was injured constituted gross negligence. In their discovery responses, both Corley and James admitted the floor was a hazard, but stated they did not consider the problem serious enough to close the shop. Discovery showed that, even though they knew the floor presented a hazard, the defendants did not put down floor mats until after the plaintiff was injured and filed a grievance.

We hold there is a fact issue whether Corley and James were grossly negligent. They admitted they knew the floor was a work hazard, but did not think it so serious as to warrant preventing the inmates from working on it. It is for a trier of fact to decide whether their behavior was grossly negligent. *See Davenport*, 780 S.W.2d at 829.

## C. Liability Under Gov't Code §497.096

At the time of the plaintiff's accident, TEX. GOV'T CODE §497.096 provided:

> Liability Protections. An employee of the Texas Department of Criminal Justice ... is not liable for damages arising from an act or failure to act in connection with community service performed by an inmate pursuant to court order or in connection with an inmate or offender programmatic or nonprogrammatic activity, including work, educational, and treatment activities, if the act or failure to act was not intentional, willfully or wantonly negligent, or performed with conscious indifference or reckless disregard for the safety of others.

TEX. GOV'T CODE §497.096.[1] Corley and James are immune under section 497.096 only if they can prove they did not act with intentional, willful, or wanton negligence or reckless disregard for the plaintiff's safety.

As noted above, there is a fact issue whether Corley and James were grossly negligent.

We sustain the plaintiff's point of error two regarding Corley's and James' immunity under section 497.096.

## D. Official Immunity

Under official immunity, a government employee is immune from suit arising from the good faith performance of discretionary duties within the scope of his authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *City of Columbus v. Barnstone*, 921 S.W.2d 268, 272 (Tex.App.—Houston [1st Dist.] 1995, no writ). A discretionary duty requires the exercise of personal deliberation, decision, and judgment; a ministerial duty is prescribed and defined with precision and cer-

---

1. TEX. GOV'T CODE §497.096 was amended in 1995, but the provisions for liability protection remain essentially the same.

tainty, leaving nothing to the individual's judgment or discretion. *Chambers*, 883 S.W.2d at 654; *Barnstone*, 921 S.W.2d at 272.

Here, it was within Corley's and James's discretion and authority to address the issue of the dangerous floor. Therefore, to be entitled to a summary judgment, the defendants must have established Corley and James acted in good faith in carrying out their discretionary duties.

■■■■ Good faith is a test of objective legal reasonableness. *Barker v. City of Galveston*, 907 S.W.2d 879, 888 (Tex.App.— Houston [1st Dist.] 1995, writ denied). The test is whether a reasonable government employee, under the same or similar circumstances, could have thought his actions were justified. *Chambers*, 883 S.W.2d at 656; *Barker*, 907 S.W.2d at 888. There is no need to determine if there was subjective good faith. *Chambers*, 883 S.W.2d at 656; *Barker*, 907 S.W.2d at 888. Summary judgment evidence must address the reasonable employee standard and must reference and fulfill the *Chambers* balancing test. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 467 (Tex.1997). The *Chambers* test balances two competing interests: the "need" aspect concerns the urgency and circumstances surrounding the employee's action; the "risk" aspect refers to the likelihood that the employee's act will cause serious harm. *Chambers*, 883 S.W.2d at 656–57. Evidence which does not consider both the need and the risk prongs of the *Chambers* test does not conclusively establish good faith and cannot support summary judgment. *Wadewitz*, 951 S.W.2d at 467.

Here, Corley and James submitted work orders asking that the floor be fixed. They state in their brief that they told the inmates to be "particularly careful" in the butcher shop. They attached affidavits as summary judgment evidence. Both Corley and James admitted they knew the floor was unsafe, not level, slippery, and a hazard. They also stated they did not believe it was a serious enough danger to close or move the butcher

shop. They state in their brief that inmates and staff had worked on the floor for "a couple of years" without incident.

■■■■ However, the defendants produced accident reports showing two other people slipped on the floor and were injured before the plaintiff's accident occurred.[2] In their responses to the plaintiff's discovery requests, they admitted knowing other people were injured in 1995. The plaintiff's inmate grievance form and the defendants' discovery responses showed the defendants did not place non-slip mats on the floors to alleviate the problem until after the plaintiff's accident and the ensuing investigation. The defendants did not produce an affidavit of an uninterested party stating a reasonable employee in Corley's and James's place would have behaved the same way. The defendants did not disprove, as a matter of law, the plaintiff's claims that Corley and James acted in bad faith.

### E. TDCJ's Immunity from suit

■■■■ A government entity is liable under *respondeat superior* liability only if the employee is liable. *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex.1995); *Barnstone*, 921 S.W.2d at 272. The governmental entity is shielded from liability if the employee is shielded by an affirmative defense. *DeWitt*, 904 S.W.2d at 654; *Barnstone*, 921 S.W.2d at 272.

The defendants claim James and Corley were immune from the plaintiff's suit under TEX. GOV'T CODE §497.096 and under quasi-judicial or official immunity.[3] The TDCJ claims that, because Corley and James have official immunity from suit, the TDCJ's common-law sovereign immunity is not waived under the Texas Tort Claims Act.

Because a fact question remains as to whether Corley and James acted in bad faith, the question of whether they have official immunity in this case remains. The TDCJ is liable under *respondeat superior* only if Cor-

---

2. An inmate slipped and fell, hitting his head and cutting himself over an eye in March of 1995. In January of 1995, an inmate bruised his elbow when he slipped on the same floor.

3. Official immunity and quasi-judicial immunity are interchangeable terms for the same affirmative defense. *City of Houston v. Kilburn*, 849 S.W.2d 810, 812 n.1 (Tex.1993).

ley and James themselves are liable. Unless Corley and James are immune from suit, the TDCJ is not shielded from suit. Until the question of their immunity is decided, a question remains as to whether the TDCJ may claim immunity.

We sustain the plaintiff's point of error two.

We reverse the trial court's judgment and remand the case for trial.