CITY OF HOUSTON, Appellant,

v.

Brenda Kaye RUSHING and Patricia Richardson, Individually and as Representative of the Estate of Michael David Richardson, Appellees.

No. 01–98–00770–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 30, 1999.

**912**

Andrea Chan, Houston, for Appellant.

Ross A. Sears, Jimmy G. Williamson, Houston, for Appellee.

MICHAEL H. SCHNEIDER, Chief Justice.

The City of Houston brings this interlocutory appeal from the denial of its motion for summary judgment and plea to the jurisdiction.[1] The sole issue is whether the City is entitled to claim governmental immunity. The trial court held that it was not. We reverse and render.

## Facts

On March 27, 1994, Inez Guevarra was involved in a car accident on Memorial Drive, which left his pick-up truck straddling two of the three lanes of traffic. Michael David Richardson and his passenger, Brenda Kay Rushing, approached the stalled pick-up truck on a motorcycle. Richardson was unable to see the truck until the last minute. He swerved to miss the truck and struck the curb. Richardson was killed in the accident and Rushing was severely injured.

## Procedural History

Rushing and the representative of Richardson's estate ("the plaintiffs") sued Guevara, the driver of the stranded truck, and the City of Houston. In their fifth amended original petition,[2] the plaintiffs alleged as follows:

> A ... truck owned and operated by [Defendant Guevara] was stopped, perpendicular to all three lanes of traffic on Memorial Drive and obscuring the left two lanes of traffic. [Guevara's] truck was purportedly hit by another vehicle which failed to stop and give information.... A City of Houston Police Officer, guarding the Houston Police Memorial, heard the accident and went over to the scene. Subsequently, another Houston Police Officer arrived on the scene. The police officers failed to secure the scene, failed to use available warning devices to alert others, failed to move [Guevara's] car and failed to alert oncoming vehicles of the hazard. Subsequently, [Plaintiff Richardson], who was

---

1. We have jurisdiction pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2000), which allows a governmental unit to appeal an order denying its plea to the jurisdiction.

2. This was the latest plaintiffs' pleading on file at the time the judgment was signed.

proceeding in an easterly direction on Memorial in the left lane and in a safe and prudent manner, had no other alternative but to swerve to avoid [Guevara's] parked vehicle. In doing so, [Richardson] lost control of the motorcycle and was killed. [Plaintiff Rushing] suffered severe, debilitating, permanent injuries.... [T]his occurrence and ... Plaintiffs' resulting injuries, damages and losses were proximately caused by the negligence, gross negligence, negligence *per se,* and gross negligence *per se,* as those terms are understood in law on the part of [Guevara] and the City of Houston.

Additionally, and/or alternatively, Plaintiffs were injured as a direct and/or proximate result of a dangerous condition on the roadway, namely [Guevara's] truck straddling two or more lanes of the highway, which presented a "special defect" as that term is understood at law. It is Plaintiffs' position that the truck straddling two or more lanes on the highway is a special defect, unknown to normal users of the highway, creating a situation under which the Defendants owed a duty to take certain corrective actions. The Defendants were both jointly and/or severally, aware of the dangerous condition on the premises, and yet failed to take any corrective action and/or warn the Plaintiffs of the existing danger. In the alternative, even if the defect was merely premises defect rather than a special defect, given the fact that the Defendants were aware of the defect and knew that oncoming traffic was not aware of the defect, the Defendants had a duty to warn the Plaintiffs and protect them from the known dangerous condition. Whether or not this defect on the highway is considered a special defect and/or a premises defect, once the Defendants had knowledge of the defect and knew that oncoming traffic, such as the Plaintiffs, did not have knowledge of the defect, the Defendants owed a duty to warn the Plaintiffs and protect them

from harm. Given the fact that the Defendants did nothing to warn the Plaintiffs in this instance, they are liable for the resulting injuries to Plaintiffs.

The City filed a motion for summary judgment and a plea to the jurisdiction based on governmental immunity, both of which the trial court denied. This interlocutory appeal followed.

■ In two related issues, the City contends the trial court erred by overruling both its motion for summary judgment and its plea to the jurisdiction. While both the motion and the plea are based on whether the plaintiffs have plead a cause of action under the Texas Tort Claims Act,[3] a court of appeals reviews a plea to the jurisdiction and a motion for summary judgment differently. A motion for summary judgment concerns the merits of a lawsuit and the evidence provided in support thereof; while a plea to the jurisdiction concerns whether the pleadings state a cause of action that confers jurisdiction on the trial court. *See Lamar Univ. v. Doe,* 971 S.W.2d 191, 194 (Tex.App.—Beaumont 1998, no pet.). Because we find the plea to the jurisdiction dispositive in this case, we will limit our review to the propriety of the trial court's denial of the City's plea to the jurisdiction.

### Plea to the Jurisdiction

#### *Standard of Review*

■ When reviewing a trial court's order overruling a plea to the jurisdiction, we construe the pleadings in favor of the plaintiff and look to the plaintiff's intent. *City of Houston v. Morua,* 982 S.W.2d 126, 127 (Tex.App.—Houston [1st Dist.] 1998, no pet.). The pleader must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See id.* The issue for this Court is whether the trial pleadings of the plaintiffs invoke the waiver of governmental immunity under TEX. CIV. PRAC. & REM.CODE Ann. § 101.021 (Vernon 1997) of the Texas Tort Claims

---

3. TEX. CIV. PRAC. & REM.CODE ANN. § 101.002 (Vernon 1997).

Act. *See Dallas County Mental Health & Retardation v. Bossley*, 968 S.W.2d 339, 340–41 (Tex.1998); *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976). When a lawsuit is barred by governmental immunity, dismissal with prejudice for want of jurisdiction is proper. *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied).

### *Governmental Immunity*

 The City of Houston is a governmental unit generally immune from tort liability except where that immunity has been specifically waived by the legislature. *Bossley*, 968 S.W.2d at 341; *see Morua*, 982 S.W.2d at 128 (municipality immune from liability for governmental conduct unless such immunity is waived). The three general areas in which immunity has been waived are: (1) injury caused by an employee's use of a motor-driven vehicle, Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1) (Vernon 1997); (2) injury caused by a condition or use of tangible personal property, Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1997); and (3) injury caused by a condition or use of real property, Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2). *University of Tex. Med. Branch v. Davidson*, 882 S.W.2d 83, 84 (Tex.App.—Houston [14th Dist.] 1994, no writ); *see Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31 (Tex.1983) (predecessor of section 101.021 waives governmental immunity in three general areas: use of publicly owned vehicles, premise defects, and injuries arising from condition or use of property).

 The Texas Tort Claims Act specifically provides that a municipality may be held liable for certain governmental functions, including "police and fire protection and control." Tex. Civ. Prac. & Rem.Code Ann. § 101.0215(1) (Vernon Supp.2000). However, to hold a municipality liable pursuant to section 101.0215, the liability must still arise out of one of the three specific areas of waiver listed above. *McKinney v. City of Gainesville*, 814 S.W.2d 862, 865 (Tex.App.—Fort Worth 1991, no writ). Thus, the issue this Court must decide is

whether the plaintiffs' pleadings state a cause of action falling within one of the three areas in which the City has waived governmental immunity.

### *Use of a motor driven vehicle*

The City, relying on *Jackson v. City of Corpus Christi*, 484 S.W.2d 806, 809–810 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.), argues that the plaintiffs' pleadings do not allege a use of a motor-driven vehicle. In *Jackson*, the plaintiff sued the City of Corpus Christi alleging that two police officers were negligent in failing to properly direct traffic around a car stalled in the middle of the street. The court held that the plaintiff's pleading did not allege a "use" of a motor vehicle. *Id.* at 809.

The plaintiffs respond that their pleading does not rely on the "use" of the stalled vehicle, but relies, instead, on the police officers' "non-use" of their motor vehicles to secure the scene of the accident. In *Schaefer v. City of San Antonio*, 838 S.W.2d 688, 689 (Tex.App.—San Antonio 1992, no writ), the plaintiff sued the City of San Antonio alleging that the City negligently failed to use certain motor-driven equipment to prevent a broken water main from flooding his property. The court held that there was no liability under the Texas Tort Claims Act for a failure to use a motor-driven vehicle. *Schaefer*, 838 S.W.2d at 694.

 Because the failure to remove the stalled truck or to use the police car to direct traffic around the stalled truck are not a "use" of a motor-driven vehicle as that term is meant in the Texas Tort Claims Act, we conclude that the plaintiffs' petition does not state a claim that falls within this waiver of governmental immunity.

### *Use, Misuse, or Failure to Use Tangible Personal Property*

In their petition, the plaintiffs also allege that the City's police officers misused tangible personal property by: (1) failing to use the radio to call dispatch to report

the accident and in calling a watch supervisor first; (2) failing to use the marked police unit with its lights and sirens to attract attention to the accident; and (3) failing to park the unmarked police car in the street and activate its flashers.

To state an actionable claim based upon the condition or use of tangible personal property, it is sufficient to allege that the defective property contributed to the injury. *Salcedo,* 659 S.W.2d at 32. To state a claim based upon the use or misuse of nondefective tangible personal property, a plaintiff must allege: (1) that the property was used or misused by a governmental employee acting within the scope of his employment; and (2) that the use or misuse of the property was a contributing factor. *Id.* The property itself need not be the instrumentality of the alleged harm, but it must have been a contributing factor. *Smith v. Tarrant County,* 946 S.W.2d 496, 501 (Tex.App.—Fort Worth 1997, writ denied). There is no liability for the non-use of tangible personal property. *Kassen v. Hatley,* 887 S.W.2d 4, 14 (Tex.1994). Where the allegation stems from negligent judgment or human error rather than a use or misuse of property, the pleadings fail to satisfy the limited waiver of immunity contained in section 101.021(2). *Lamar Univ. v. Doe,* 971 S.W.2d at 197.

In *Smith v. Tarrant County,* the plaintiff called the police because she heard an intruder. The police came, searched her house, found no one, and left. The plaintiff was later raped by a man who had been hiding in the house. 946 S.W.2d at 499. In her suit against the county, the plaintiff alleged that the deputy who searched the house had misused his flashlight in searching the house, misused his pistol in not drawing it while searching the house, and misused his radio by failing to call for backup. *Id.* at 499. The court held that the plaintiff's injuries were not caused by any misuse of the police equipment, and that the failure to use the badge, gun, and radio did not, as a matter of law, trigger the liability provisions of the Texas Tort Claims Act. *Smith,* 946 S.W.2d at 501.

In *Ramos v. City of San Antonio,* 974 S.W.2d 112, 114 (Tex.App.—San Antonio 1998, no pet.), the plaintiff sued the city of San Antonio for improperly pursuing a traffic offender who later caused a traffic fatality. The court held that the police officer's decision not to use his police car to give chase to the suspect was a "non-use" of tangible property and did not waive governmental immunity. *Id.* at 117.

In this case, the officers' decisions not to call dispatch, not to use the marked car to alert traffic, and not to park the unmarked car in the street constitute "non-uses" of tangible property. Even though the officers may have used negligent judgment, there was no misuse of tangible property.

### Premises or Special Defect

The plaintiffs' main contention in this case is that the truck blocking the roadway was a premises or special defect. Whether a condition is a premises or special defect is a question of law. *State Dep't of Highways & Public Transp. v. Payne,* 838 S.W.2d 235, 238 (Tex.1992). A condition is a "special defect" only if it is an excavation, obstruction, or some other condition that presents "an unexpected and unusual danger to ordinary users of roadways." *State Dep't of Highways & Public Transp. v. Kitchen,* 867 S.W.2d 784, 786 (Tex.1993). A "premises defect" is a defect or dangerous condition arising from a condition on the premises. *Davidson,* 882 S.W.2d at 85. "Premises" is defined as a building, its parts, grounds, and appurtenances. *Cobb v. Texas Dep't of Criminal Justice,* 965 S.W.2d 59, 62 (Tex. App.—Houston [1st Dist.] 1998, no pet.). A "defect" is defined as an imperfection, shortcoming, or "want of something necessary for completion." *Id.*

If the condition was a premises defect, the City owed the plaintiffs the same duty that a private person owes a licensee. TEX. CIV. PRAC. & REM.CODE ANN.

§ 101.022(a) (Vernon 1997). If the condition was a special defect, the City owed the plaintiffs the same duty to warn that a private landowner owes an invitee. *Morse v. State*, 905 S.W.2d 470, 474 (Tex.App.— Beaumont 1995, writ denied). The primary difference is that the City must warn of premises defects only if it has knowledge of the dangerous condition; a duty to warn of a special defect is imposed by statute if the City knew or should have known of the dangerous condition. *See City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex.1997). Because the plaintiffs' petition alleges that the City knew about the stopped pick-up truck, and we accept that pleading as true, we need not differentiate between a premises defect and a special defect. We need only decide whether the petition sufficiently states a claim under either standard.

The parties have cited no cases in which a vehicle temporarily blocking lanes of traffic on a public street was held to be either a premises or special defect. In fact, a brief survey of premises/special defect cases shows that cases involving vehicles on public streets are usually *not* premises or special defects.

In *State v. Burris*, 877 S.W.2d 298, 299 (Tex.1994), the plaintiff was approaching an intersection in his truck when he struck a car that was stopped in his lane of traffic while attempting to make an illegal left turn. The plaintiff sued the State alleging that the car in his lane was either a premises or special defect because it was a hazard not normally connected with the use of a roadway. The supreme court disagreed, holding that "[a] fully operational motor vehicle, making an illegal movement or momentarily stopped on a highway, is neither a defect in the highway premises nor an excavation or obstruction or similar condition." *Id.*

In *Wenzel v. City of New Braunfels*, 852 S.W.2d 97, 98 (Tex.App.—Austin 1993, no writ), the plaintiff, a pedestrian, was struck by a car as she was leaving a county fair. She sued the city alleging that a defective crosswalk was a special

defect. *Id.* The court of appeals disagreed and held that the allegedly defective crosswalk was not the type of obstruction that could be classified as a special defect. In so holding, the court noted that special defects cases "involve obstructions of a different nature than vehicles or pedestrians." *Id.* at 100.

In *Palmer v. City of Benbrook*, 607 S.W.2d 295, 296 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.), the plaintiff was driving along a street when he swerved into the next lane of traffic to avoid a lawfully parked car. As he did so, he was struck by an oncoming car and killed. His family sued, alleging that the parked car was a special defect. The court of appeals disagreed, holding that a legally parked car, even if in an unexpected place, was not a premises or special defect, but was a hazard normally connected with the use of the roadway. *Id.* at 300.

Finally, in *Jackson v. City of Corpus Christi*, 484 S.W.2d at 807–808, the plaintiff was injured when his car struck a vehicle that was stalled in the street. The plaintiff sued the city alleging that the failure of the police to have the stalled vehicle towed, and in leaving the scene of the accident unattended, created a dangerous physical obstruction of the street. *Id.* at 810. The court disagreed with the plaintiff's characterization of the stalled car as an obstruction and stated that the plaintiff's claim was actually based on the police officers' negligence in failing to properly direct traffic, not in the creation or maintenance of a dangerous condition. *Id.*

 While we recognize that the facts of many of these cases are distinguishable, we find that they are uniform in holding that a vehicle that is temporarily blocking a public street is not a premises or special defect under the Texas Tort Claims Act. The stopped pickup truck in this case was blocking two lanes of the three-lane roadway as the result of an accident. While accidents are unfortunate,

they are not "an unexpected and unusual danger to ordinary users of roadways." *Kitchen*, 867 S.W.2d at 786. Neither are they a defect or dangerous condition of the roadway. Therefore, we hold that a vehicle that is blocking part of a roadway as the result of an accident is not a premises or special defect.

### Conclusion

Because the plaintiffs' petition does not allege a cause of action that falls within any of the three categories in which the City has waived governmental immunity, the trial court erred when it denied the City's plea to the jurisdiction. In light of our disposition concerning the City's plea to the jurisdiction, we need not decide the issue related to the City's motion for summary judgment, *i.e.,* whether the City is entitled to rely on: (1) the emergency response or manner of police protection exceptions to governmental immunity, or (2) the official immunity of its police officers.

Accordingly, we reverse the judgment of the trial court and render judgment dismissing the plaintiffs' suit against the City for want of jurisdiction.

Original panel consisted of Chief Justice SCHNEIDER and Justices WILSON and ANDELL.

A majority of the Court voted for en banc consideration.

Justices COHEN, O'CONNOR, HEDGES, TAFT, and NUCHIA join this en banc opinion.

Justice WILSON, joined by Justices ANDELL and MIRABAL, dissenting in an opinion to follow.

Justice MIRABAL also dissenting in a separate opinion.

MARGARET GARNER MIRABAL, Justice, dissenting to en banc opinion.

I join Justice Wilson's dissenting opinion with regard to the trial court's ruling on the plea to the jurisdiction.

I write separately simply to emphasize the standard of review we must follow in cases such as this.

This is a plea to the jurisdiction case. Our task is to take as true the allegations of fact in the plaintiffs' pleadings, and to determine whether those allegations of fact support subject matter jurisdiction in the trial court. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993); *Reyes v. City of Houston,* 4 S.W.3d 459 (Tex.App.—Houston [1st Dist] 1999, pet. filed).

To establish liability against a municipality under a special defect theory, a plaintiff must plead and prove: (1) personal injury or death; (2) proximately caused by the negligence of an employee; (3) acting in the course and scope of employment; (4) the injury or death was caused by a special defect; (5) the municipality knew or reasonably should have known of the defect; and (6) the municipality failed to exercise ordinary care to protect the individual. *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992). Plaintiffs *pled* all of the above. The determinative issue in the present case is whether a wrecked truck blocking two lanes of traffic constitutes a "special defect."

The Texas Tort Claims Act gives a partial definition of "special defects," stating they include "excavations or obstructions on highways, roads or streets." TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(b) (Vernon 1997). A special defect must present an unexpected and unusual danger to ordinary users of roadways. *Payne,* 838 S.W.2d at 238. A special defect is distinguished by some unusual quality outside the ordinary course of events. *Id.; see also Harris County v. Smoker,* 934 S.W.2d 714, 718–19 (Tex.App.—Houston [1st Dist.] 1996, writ denied) (providing helpful overview of cases, contrasting conditions held to be special defects and conditions held not to be special defects).

In my opinion, when plaintiffs' petition alleged a disabled, wrecked truck was posi-

tioned "perpendicular to all three lanes of traffic on Memorial Drive and obscuring the left two lanes of traffic," the petition described an obstruction on a road that presented an unexpected and unusual danger to ordinary users of Memorial Drive. Thus, the factual allegations describe a "special defect." See *Payne*, 838 S.W.2d at 238; *Smoker*, 934 S.W.2d at 718–19.[1]

The trial court correctly ruled that it has subject matter jurisdiction of this case.

---

**1.** The majority opinion indicates that the pick-up truck in this case was "temporarily" stranded in the roadway. I respectfully point out that the plaintiffs' petition does not indicate how long the wrecked truck was stranded in the roadway. I cannot discern whether it would make any difference to the majority if the wrecked truck remained in its position blocking two lanes of the roadway for two hours, or five hours, or longer. I also respectfully note that all of the cases cited by the majority are distinguishable. In my opinion, the majority's holding is contrary to the clear definition of "special defect" set out in the statute and case law.