NO. 12-04-00024-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

RICHARD LEE FULLER,                                §     APPEAL FROM THE 349TH
APPELLANT


V.                                                                         §     JUDICIAL DISTRICT COURT OF

TEXAS DEPARTMENT OF 
CRIMINAL JUSTICE–INSTITUTIONAL 
DIVISION, ET AL.,                                           §     ANDERSON COUNTY, TEXAS 
APPELLEES




MEMORANDUM OPINION
            Richard Lee Fuller, an inmate proceeding pro se, appeals the trial court’s dismissal with
prejudice of his lawsuit against the Texas Department of Criminal Justice-Institutional Division
(“TDCJ”) and certain unnamed employees thereof. Fuller raises two issues on appeal. We reverse
and remand.
Background
            On December 12, 2003, Fuller filed suit against TDCJ and certain of its unnamed
employees.


 In his original petition, Fuller alleged that on September 2, 2003, a TDCJ officer
instructed Fuller to paint a prison cell. Fuller alleged that he asked the officer for a step ladder so
that he could paint the ceiling, but that the officer handed Fuller a milk crate and told him to stand
on it, the toilet, and the prison cell bunk to reach the ceiling. Fuller further alleged that as he was
painting, while standing on the toilet and the milk crate, he put his hand on a light fixture to brace
himself. The light fixture, which according to Fuller was not properly resecured by the light crew
who was working on the cell earlier, flipped open. As a result, Fuller claims that he lost his balance,
slipped off the milk crate, and landed, causing him to sustain extremely painful injuries. Fuller
further claimed that TDCJ is liable for its employees’ actions dealing with tangible real property, the
light fixture. Fuller also alleges that the maintenance officer was grossly negligent for his failure to
assure that the light fixture was properly secured upon the completion of the work in the cell, or,
alternatively, for his failure to warn of the unsafe condition of the light fixture by “red tagging” the
cell. In his petition, Fuller sought compensatory, nominal, and punitive damages.



            On December 12, 2003, without conducting a hearing, the trial court found that Fuller’s suit
was frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and
Remedies Code, section 14.003. This appeal followed.

Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In his first issue, Fuller argues that the trial court erred in dismissing his suit as frivolous or
malicious. We review the trial court’s dismissal of an in forma pauperis suit under an abuse of
discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A
trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding
rules or principles. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.]
1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. Johnson v.
Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–
Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case
should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government
bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of
unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. See
Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ). 
            However, the trial court is limited to determining whether the claim has an arguable basis in
law or fact. See Smith v. Tex. Dep’t of Criminal Justice–Inst’l Div., 33 S.W.3d 338, 340 (Tex.
App.–Texarkana 2000, pet. denied). When the trial court dismisses a claim without conducting a
fact hearing, we are limited to reviewing whether the claim had an arguable basis in law. Id.; see
also Sawyer v. Tex. Dep’t of Criminal Justice–Inst’l Div., 983 S.W.2d 310, 311 (Tex.
App.–Houston [1st Dist.] 1998, pet. denied).
Premises Liability
            To determine if a condition amounts to a premises defect, the courts look to the ordinary
meaning of the words. See Cobb v. Tex. Dep’t of Criminal Justice–Inst’l Div., 965 S.W.2d 59, 62
(Tex. App.–Houston [1st Dist.] 1998, no pet.). “Premises” is defined as a building, its parts,
grounds, and appurtenances. Id. A “defect” is defined as an imperfection, shortcoming, or “want
of something necessary for completion.” Id. We conclude that the condition alleged by Fuller
constitutes a premises defect. See, e.g., id. (citing University of Texas Med. Branch v. Davidson,
882 S.W.2d 83, 85–86 (Tex. App.–Houston [14th Dist.] 1994, no writ) (defective elevator, while a
separate piece of equipment, was held an integral part of the building, thus a premise defect);
Billstrom v. Mem’l Med. Ctr., 598 S.W.2d 642, 646–47 (Tex. Civ. App.–Corpus Christi 1980, no
writ) (a defective window screen, as an appurtenance to the building, held to be a premise defect)).
            A governmental unit in the state is liable for personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law. Tex. Civ. Prac. & Rem. Code
Ann. §101.021(2) (Vernon 2005). If a claim arises from a premises defect, the governmental unit
owes to the claimant only the duty that a private person owes to a licensee on private property. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a) (Vernon 2005). Where the plaintiff is an invitee,
a defendant is liable if it is proven that (1) the defendant was the possessor of the premises, (2) a
condition on the premises posed an unreasonable risk of harm, (3) the defendant knew or reasonably
should have known of the danger, (4) the defendant breached its duty of ordinary care by both (a)
failing to adequately warn the plaintiff of the condition, and (b) failing to make the condition
reasonably safe, and (5) the defendant’s breach proximately caused the plaintiff’s injuries. See CMH
Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000). A defendant is a “possessor” if it exercises
control over the premises. See Thornhill v. Ronnie’s I-45 Truck Stop, 944 S.W.2d 780, 788 (Tex.
App.–Beaumont 1997, writ dism’d). TDCJ is, by statute, the possessor of the property at issue in
the instant case. See Tex. Gov’t Code Ann. § 493.004 (Vernon 2004).
            In the case at hand, Fuller alleged a TDCJ officer instructed Fuller to paint a prison cell. 
Fuller alleged that he asked the officer for a step ladder so that he could paint the ceiling, but that
the officer handed Fuller a milk crate and told him to stand on it, the toilet, and the prison cell bunk
to reach the ceiling. Fuller further alleged that as he was painting, while standing on the toilet and
the milk crate, he put his hand on a light fixture to brace himself. The light fixture, which according
to Fuller was not properly resecured by the light crew who was working on the cell earlier, flipped
open. As a result, Fuller claims that he lost his balance, slipped off the milk crate, and landed
causing him to sustain extremely painful injuries. Fuller further claimed that TDCJ is liable for its
employees’ actions dealing with tangible real property, the light fixture. Fuller also alleges that the
maintenance officer was grossly negligent for his failure to assure that the light fixture was properly
secured upon the completion of the work in the cell, or, alternatively, for his failure to warn of the
unsafe condition of the light fixture by “red tagging” the cell. In his petition, Fuller sought
compensatory, nominal, and punitive damages. 
            We conclude that Fuller’s allegations as set forth above, construed liberally in the interest
of justice,


 provide reasonable notice of a claim for premises defect. Therefore, we hold that the trial
court improperly dismissed Fuller’s suit as frivolous or malicious. Fuller’s first issue is sustained.




Disposition
            Having sustained Fuller’s first issue, we reverse the trial court’s order dismissing Fuller’s
lawsuit and remand the cause for further proceedings consistent with this opinion.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered August 24, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(PUBLISH)