Opinion Issued June 26, 2008









Opinion Issued
June 26, 2008

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00847-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MICHAEL ANTHONY EVANS, Appellant

 

V.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE—INSTITUTIONAL
DIVISION, Appellee

 

 



On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 06CV0574








 

 



MEMORANDUM OPINION

          Appellant, Michael Anthony
Evans, sued the Texas Department of Criminal Justice—Institutional Division
(“TDCJ”) for injuries he sustained while on board a prison bus.  The trial
court granted summary judgment in favor of TDCJ, who pleaded sovereign
immunity.  Evans contends that the trial court erred in (1) granting summary
judgment; (2) denying his motion for summary judgment; and (3) denying his
motion for new trial.  We affirm.

Background

          In February 2006, TDCJ was
transporting Evans, an inmate, by bus to the hospital for medical treatment. 
When the driver stopped the bus at the hospital’s front gate, Evans got up to
use the restroom at the back of the bus.  While Evans was in the restroom, the
bus moved forward.  As the bus crossed the entrance, an officer lowered the
security gate, which struck the top of the bus and damaged the clearance
lights.  Evans alleges that the collision threw him from side to side and, as a
result, he sustained injuries to his neck, lower back, and groin.  

          According to the
Administrative Incident Review report, the accident occurred when the bus
driver drove into the sally port without leave to do so, and the officer
activated the mesh gate without a clear signal from the ground.  According to
the report, both the driver and the officer erred in not allowing someone on
the ground to signal them before taking action—either to drive forward or to
lower the gate.

          In response to Evans’s
suit, TDCJ moved for summary judgment, claiming sovereign immunity.  In its
summary judgment motion, TDCJ asserted that it was immune from suit as a matter
of law because its liability derives from the TDCJ employees’ liability, and
the employees were immune because Evans has failed to file any evidence in
support of a finding of gross negligence.

Summary Judgment

We review de novo the trial court’s
grant of summary judgment.  Provident Life & Accid. Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  We must make inferences, resolve doubts, and
view the evidence in the light most favorable to the non-movant.  Rhône-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  TDCJ’s motion for summary
judgment contained both traditional and no-evidence grounds for summary
judgment.  See Tex. R. Civ. P.
166a(c), (i).

          Under Rule of Civil
Procedure 166a(c), summary judgment is properly granted only when the movant
establishes that there are no genuine issues of material fact and that it is
entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Knott, 128 S.W.3d at 215–16.  The movant must
establish that it is entitled to summary judgment as a matter of law on each
element of its cause of action.  Rhône-Poulenc, 997 S.W.2d at 223.  Only
if the movant conclusively establishes its cause of action does the burden
shift to the non-movant to respond with evidence raising a genuine issue of
material fact that would preclude summary judgment.  Id. at 222–23.  In
deciding whether there is a disputed material fact precluding summary judgment,
evidence favorable to the non-movant will be taken as true, every reasonable
inference must be indulged in favor of the non-movant, and any doubts must be
resolved in favor of the non-movant.  Knott, 128 S.W.3d at 215.

          A no-evidence summary
judgment motion asserts that no evidence exists as to at least one essential
element of the non-movant’s claims on which the non-movant would have the
burden of proof at trial.  Bendigo v. City of Houston, 178 S.W.3d
112, 114 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing Jackson v.
Fiesta Mart, Inc., 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no
pet.)).  The trial court must grant the motion unless the non-movant produces
summary judgment evidence that raises a genuine issue of material fact.  Tex. R. Civ. P. 166a(i); see Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  We must
ascertain whether the non-movant produced more than a scintilla of probative
evidence to raise a genuine issue of material fact.  Bendigo, 178 S.W.3d
at 114.

          When, as here, “a trial
court’s order granting summary judgment does not specify the grounds relied
upon, [we] affirm the summary judgment if any of the summary judgment grounds are
meritorious.”  FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872–73 (Tex. 2000).  An appellant must negate all possible grounds.  Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Ellis v. Precision Engine
Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002,
no pet.).  If the appellant fails to negate each possible ground upon which the
judgment may have been granted, an appellate court must uphold the summary
judgment.  See Ellis, 68 S.W.3d at 898.

TDCJ’s Motion for Summary Judgment

          In his first three issues, Evans contends that the
trial court erred in granting summary judgment for TDCJ on the grounds of
sovereign immunity because a genuine issue of material fact exists as to
whether TDCJ’s alleged negligence overcomes the heightened liability standard
of section 497.096 of the Texas Government Code.

Sovereign Immunity

A governmental entity’s limited waiver of
sovereign immunity is set out in Texas Civil Practice and Remedies Code section
101.021, which provides as follows: 

 

 

A governmental unit in
the state is liable for: 

(1) property damage, personal injury, and
death proximately caused by the wrongful act or omission or the negligence of
an employee acting within the scope of employment if: 


(A) the property damage, personal injury, or death arises from the operation or
use of a motor-driven vehicle or motor-driven equipment; and 


(B) the employee would be personally liable to the claimant according to Texas law; and 

 

(2) personal injury and death so caused by
a condition or use of tangible personal or real property if the governmental
unit would, were it a private person, be liable to the claimant according to
Texas law. 

 

Tex.  Civ.  Prac. & Rem. Code
Ann. §
101.021 (Vernon 2005).  When the governmental unit’s liability under section
101.021(2) is based on respondeat superior for an employee’s negligence arising
from the misuse of tangible personal property, the liability is derivative or
indirect.  Gill v. Tex. Dep’t of Crim. Justice, 3 S.W.3d 576, 581 (Tex. App.—Houston
[1st Dist.] 1999, no pet.).  Respondeat superior imposes liability on the
employer that is responsible for the acts of its employee, acting in the scope
of his employment, when the negligence of the employee is shown to have been
the proximate cause of injury.  Id.

In support of its sovereign immunity claim, TDCJ
relies on the following provision of the Texas Government Code: 

An employee of the Texas Department of
Criminal Justice,
sheriff, employee of a sheriff’s department, county commissioner, county
employee, county judge, employee of a community corrections and supervision
department, restitution center, or officer or employee of a political
subdivision other than a county is not liable for damages arising from an
act or failure to act in connection with community service performed by an
inmate imprisoned in a facility operated by the department or in connection
with an inmate or offender programmatic or nonprogrammatic activity,
including work, community service, educational, and treatment activities, if
the act or failure to act was not intentional, willfully or wantonly negligent,
or performed with conscious indifference or reckless disregard for the safety
of others. 

 

Tex. Gov’t Code Ann. § 497.096 (Vernon 2004)
(emphasis added).  TDCJ thus claims it retains its sovereign immunity because the
bus driver and the officer are immune under section 497.096 if they did not act
with intentional, willful, or wanton negligence or reckless disregard for the
plaintiff’s safety, and the summary judgment record fails to raise a fact issue
under this liability standard.  See Cobb v. Tex. Dep’t of Criminal
Justice, 965 S.W.2d 59, 63 (Tex. App.—Houston [1st Dist.] 1998, no pet.). 
The Texas Supreme Court, this court, and other courts of appeals have equated section
497.096’s liability standard with gross negligence.  See, e.g., Burk Royalty
Co. v. Walls, 616 S.W.2d 911, 916–20 (Tex. 1981) (equating willful
negligence, conscious indifference to the welfare of others, and reckless
disregard for the rights of others with gross negligence); Wheeler v. Yettie
Kersting Mem’l Hosp., 866 S.W.2d 32, 50 & n.25 (Tex. App.—Houston [1st
Dist.] 1993, no writ) (equating willful negligence and reckless disregard with
gross negligence); Morrone v. Prestonwood Christian Acad., 215 S.W.3d
575, 582 (Tex. App.—Eastland 2007, pet. denied) (equating extreme degree of
risk indicating conscious indifference with gross negligence).  We conclude,
therefore, that, to fall within the exception to section 497.096, the TDCJ’s employee’s
act or omissions must constitute “gross negligence.”  Gross negligence is “more than momentary thoughtlessness, inadvertence or error
of judgment.  It means such an entire want of care as to establish that the act
or omission was the result of actual conscious indifference to the rights,
safety, or welfare of the person affected.” Transp. Ins. Co. v. Moriel, 879
S.W.2d 10, 20 (Tex. 1994) (italics omitted); see also Cobb, 965
S.W.2d at 63 (stating ordinary negligence rises to the level of gross
negligence if defendant’s act or omission shows he was aware of danger and did
not care enough to avoid it).  

Gross negligence includes two
elements: (1) viewed objectively from the actor’s standpoint, the act or
omission must involve an extreme degree of risk, considering the probability
and magnitude of the potential harm to others, and (2) the actor must have
actual, subjective awareness of the risk involved, but nevertheless proceed in
conscious indifference to the rights, safety, or welfare of others.  

 

Mobil Oil Corp. v. Ellender, 968 S.W.2d 917, 921 (Tex. 1998).

 

Analysis

          TDCJ moved for summary judgment on the ground that
Evans had produced no evidence to support a finding that the TDCJ employees
“caused the bus and gate to hit either willfully or wantonly negligently, or
with conscious indifference or reckless disregard to the Plaintiff’s safety.” 
Evans contends that TDCJ has waived this ground because TDCJ did not amend its
motion for summary judgment after Evans amended his original petition to
include an allegation of gross negligence.  TDCJ, however, asserted that Evans
produced no-evidence of gross negligence, an assertion that tracked the
allegations in Evans’s third amended petition, the live pleading in this case. 
TDCJ therefore properly raised this ground in its summary judgment motion.

          In his response to TDCJ’s motion, Evans did not
produce any evidence to support a gross negligence claim.  Evans instead
attached evidence in support of his own summary judgment motion.  This evidence
includes TDCJ’s answers to Evans’s interrogatories, the administrative incident
review report, a post order specifying the duties of the mezzanine picket
officer, and Evans’s offender grievance forms.  We review this evidence to
determine whether it raises a fact issue.

None of the evidence Evans produced creates a
fact issue that TDCJ’s acts or omissions, when viewed objectively from the
officers’ standpoints at the time of the incident, involved an extreme degree
of risk, considering the probability and magnitude of the potential harm to
others.   Moreover, Evans has not cited any evidence showing that the officers
had an actual, subjective awareness of such a risk, but nonetheless proceeded
with conscious indifference to the rights, safety, or welfare of others. See
Diamond Shamrock Ref. Co. v. Hall, 168 S.W.3d 164, 171-73 (Tex. 2005)
(concluding there was no evidence of gross negligence where defendant knew that
certain valves were leaking, but did not know that leakage presented any danger
of compressor explosion);  see also Wal-Mart Stores, Inc. v. Alexander,
868 S.W.2d 322, 327 (Tex. 1993) (holding that no evidence of gross negligence existed
for failing to warn and repair defect in sidewalk ramp where defect did not
pose extreme risk of injury and when no other persons had fallen because of
it).  The record does not contain any evidence to show that either officer was
aware of the other’s actions and thus, would have been aware of a substantial
risk of harm to others.  In addition, the administrative review report that
Evans attached as evidence stated that the driver of the bus assumed that he
could pull into the sally port without being signaled because it was empty. 
This does not support a finding that the bus driver was aware of the risk of
his actions.  Allegations are not sufficient to overcome summary judgment; the
non-movant must have actual proof.  Because Evans did not produce any evidence
that the TDCJ officers were grossly negligent, he does not overcome the
heightened liability standard applicable to his claim.  See Tex. Gov’t Code Ann. § 497.096. 
Because the officers cannot be held personally liable under section 497.096,
TDCJ is immune from suit.   See Tex.
 Civ.  Prac. & Rem. Code Ann. § 101.021.  We therefore hold that the
trial court did not err in granting TDCJ’s summary judgment.

Evans’s Motions for Summary Judgment
and New Trial

          In his fourth and fifth issues, Evans contends that
the trial court erred in denying his motion for summary judgment. He claims that
the evidence on file and attached to his motion for summary judgment
establishes that TDCJ was grossly negligent as a matter of law.  The summary
judgment evidence Evans attaches merely raises the issue of the defendant’s
negligence; as we have discussed, it does not raise a fact issue as to gross
negligence and thus, it cannot establish TDCJ’s gross negligence as a matter of
law.  We thus overrule Evans’s fourth and fifth issues.

In his final issue, Evans contends that the trial
court erred in denying his motion for new trial.  Evans’s motion reurges that
the trial court deny TDCJ’s motion but does not raise any new argument or
attach any new evidence.  Having concluded that the trial court properly
granted summary judgment for TDCJ, we hold that the trial court likewise did
not err in denying Evans’s motion for new trial.

Conclusion

          We affirm the judgment of the trial court.

                                                          

 

 

 

 

Jane Bland

                                                                    Justice

 

Panel consists of Justices Taft, Jennings, and Bland.