**Affirmed and Majority and Dissenting Opinions filed January 26, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00839-CV

## JASON KOWNSLAR, Appellant

### V.

## METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS, Appellee

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2017-18307-B**

### DISSENTING OPINION

I respectfully dissent from the majority opinion in part, in that the majority concludes that the alleged defective condition does not constitute a special defect under § 101.022(b) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b). Based on the evidence before the trial court, the condition of the light-rail track constitutes a special defect.

A "defect" is an imperfection, a shortcoming, or lack of something necessary

for completion. *City of Houston v. Rushing*, 7 S.W.3d 909, 915 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). The Texas Tort Claims Act defines "special defect" by listing examples "such as excavations or obstructions on highways, roads, or streets." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b); *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010). The statutory list is not exclusive. *Tex. Dep't of Transp. v. York*, 284 S.W.3d 844, 847 (Tex. 2009) (per curiam); *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex. 1997) (per curiam). To be considered a special defect the condition must be of the same kind or class as those listed in the statute. *York*, 284 S.W.3d at 847; *City of Houston v. Joh*, 359 S.W.3d 895, 898 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see City of Denton v. Paper*, 376 S.W.3d 762, 764 (Tex. 2012) (per curiam).

In determining whether a particular condition is similar to an excavation or obstruction and therefore a special defect, courts consider several helpful characteristics, including but not limited to: (1) the size of the condition; (2) whether the condition unexpectedly and physically impairs an ordinary user's ability to travel on the road; (3) whether the condition presents some unusual quality apart from the ordinary course of events; and (4) whether the condition presents an unexpected and unusual danger. *Paper*, 376 S.W.3d at 765 (citing *Hayes*, 327 S.W.3d at 116). We also consider the objective expectations of an "ordinary user" who follows the "normal course of travel." *Hayes*, 327 S.W.3d at 116. Whether a condition is a special defect is a question of law. *Tex. Dep't of Transp. v. Perches*, 388 S.W.3d 652, 655 (Tex. 2012).

Here, the divot, which is part of the light-rail tracks located in lanes of traffic in the street, is not a common pothole or other similar depression in the street. *Cf. Paper*, 376 S.W.3d at 766 ("Such irregularities in the roadway unfortunately are to be expected."). It is not open, obvious, or predictable; it is unexpected and unusual.

*See Reyes v. City of Laredo*, 335 S.W.3d 605, 607 (Tex. 2010) (per curiam) ("We have described the class of conditions intended by the statute as those which, because of their size or 'some unusual quality outside the ordinary course of events,' . . . pose 'an unexpected and unusual danger to ordinary users of roadways.'"); *cf. Wildermuth v. Parker County*, 1 S.W.3d 702, 708 (Tex. App.—Fort Worth 1999, no pet.) ("[W]e hold that the small trees and brush growing inside the curve where the impact occurred were neither unexpected nor unusual, and thus, did not constitute a special defect as a matter of law."). It cannot be said that an ordinary user who follows the normal course of travel would expect the divot in the street to present the hazard encountered by Kownslar. The divot in the road unexpectedly and physically impairs ordinary motorcycle users' ability to travel on the road by obstructing a motorcyclist's path on Rusk Street and allowing a motorcycle's tire to become lodged in it, while subsequently preventing the motorcyclist from dislodging the tire and reentering the roadway. *See, e.g.*, *Tex. Dep't of Transp. v. Ramirez*, 566 S.W.3d 18, 24–25 (Tex. App.—San Antonio 2018, pet. denied) (concluding that eight-inch drop-off along shoulder of a road was a special defect because it prevented a car's wheels from reentering the roadway); *Morse v. State*, 905 S.W.2d 470, 475–76 (Tex. App.—Beaumont 1995, writ denied) (same but concerning six-inch drop-off). Further, the condition presents an unusual quality apart from the ordinary course of events because it is unusual that a divot on the street on which motorcycles travel would allow for a motorcycle tire to become lodged in an area of a lane of traffic.

These facts make this case distinguishable from the line of cases relied on by the majority, which concern accidents that did not pose a risk to ordinary users of the road or to their normal course of travel. *Cf. Perches*, 388 S.W.3d at 656 ("Here, the concrete guardrail became an impediment only when Perches missed his turn and proceeded off the road and therefore does not pose a risk to ordinary users of the

road."); *Hayes*, 327 S.W.3d at 116 ("Hayes did not take the normal course of travel. Road users in the normal course of travel should turn back or take an alternate route when a barricade is erected to alert them of a closed roadway."); *Denton County v. Beynon*, 283 S.W.3d 329, 332 (Tex. 2009). ("Our cases rest on the objective expectations of an 'ordinary user,' and such a driver would not be expected to careen uncontrollably off the paved roadway and into the adjoining grass, as [the driver] admitted when he stated that the 'normal course of travel for [Old Alton Road] would be the asphalt pavement."). The majority also maintains that the divot is not a special defect because a motorcyclist may simply go around and avoid the divots, but that conclusion is not supported by the record, which includes photographs of the scene.

As evidenced by these photographs, the light-rail tracks are almost parallel with the left lane of traffic on Rusk Street for a brief portion of the road before gradually making their way across all lanes of traffic on Rusk Street at a slight angle. *See Harris County v. Eaton*, 573 S.W.2d 177, 180 (Tex. 1978); *see also City of Weston v. Gaudette*, 287 S.W.3d 832, 839 (Tex. App.—Dallas 2009, no pet.). Contrary to the majority's conclusion, a motorcyclist does not have the option of crossing over the tracks that intersect Rusk Street at a ninety-degree angle, nor does a motorcyclist have the ability to simply go around the tracks. For motorcyclists, such as Kownslar, the light-rail tracks on Rusk Street obstruct their travel on the road in a way similar to a ditch. *See Reyes*, 335 S.W.3d at 607 ("'A ditch across the highway' is a special defect." (quoting *Eaton*, 573 S.W.2d at 178–79)). For the foregoing reasons, I would conclude that the divot here is an obstruction on the road, and thus, a special defect. *See Hayes*, 327 S.W.3d at 116; *Beynon*, 283 S.W.3d at 331.

Accordingly, I would reverse the trial court's order granting Metropolitan Transit Authority's plea to the jurisdiction as to Kownslar's special defect claim. I

4

join the majority in concluding that the trial court did not err when it granted Metropolitan Transit Authority's plea to the jurisdiction as to Kownslar's negligent activity claim.

/s/    Margaret "Meg" Poissant
        Justice

Panel consists of Justices Jewell, Poissant, and Wilson. (Wilson, J., majority).