Elsa VILLARREAL, Appellant,

v.

The CITY OF SAN ANTONIO, Appellee.

No. 04-82-00021-CV.

Court of Appeals of Texas,
San Antonio.

July 27, 1983.

Rehearing Denied Sept. 6, 1983.

Rudy Garza, Tinsman & Houser, Inc., San Antonio, for appellant.

N. Mark Ralls, Steve Arronge, San Antonio, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a summary judgment denying appellant any relief on her claim for personal injuries against the City of San Antonio. We reverse.

Appellant Elsa Villarreal filed suit against appellee City of San Antonio to recover damages for personal injuries she sustained when the vehicle she was operating ran into a concrete drainage culvert at the end of a dead end street. She alleged that her injuries were proximately caused by the negligence of the City in failing to warn that (1) the street was not a through street; (2) the street was a dead end street; and (3) the street ended abruptly, and the City failed to put any kinds of barricades, barriers, reflectors or other warnings of the obstruction at the end of the street.

The parties stipulated that at 9:00 p.m., December 18, 1977, appellant's vehicle struck a concrete drainage culvert which had been constructed by appellee on its property immediately east of the dead end of Wagner Street; that no barricade facing traffic at the end of Wagner Street existed at the time of the accident; that appellee had actual notice of the accident and appellant's injuries; and that appellant failed to give appellee notice in writing of the accident within ninety (90) days.

Based upon the pleadings, stipulations, depositions and motions filed therein, the trial court granted City's motion for summary judgment which contended that appellant's suit was barred because of appellant's failure to give it notice as required by the City Charter. The portions of the summary judgment pertinent to this appeal are as follows:

... [T]he Court having considered the questions before it, makes the following conclusions:

1. The allegations by the Plaintiff that the City failed to warn of a dead end street or of a possible drainage culvert at the end of the street concern a proprietary function by the City of San Antonio;

2. The TEXAS TORT CLAIMS ACT is not applicable to this cause of action;

3. The Plaintiff's failure to give notice as required by the City Charter of the City of San Antonio bars the Plaintiff's suit in this case.

The Court has reached no decision nor does it express any judgment on the allegations of negligence made by the Plaintiff. The Summary Judgment of this Court is, therefore, that the Plaintiff be and he is hereby denied any relief prayed for in the Plaintiff's Second Amended Original Petition....

We disagree with the trial court's conclusion that the failure to erect a barricade at the end of the dead end street and warn of the obstruction, i.e., the concrete drainage culvert, is a proprietary function thereby granting summary judgment because appellant had failed to give written notice of her claim as required by the City's charter provisions. We hold that failure to erect a barricade at the end of a dead end street is a governmental function to which the provisions of the Texas Tort Claims Act, Tex. Rev.Civ.Stat.Ann. art. 6252–19, § 1 *et seq.,* (Vernon 1970) apply.

Appellant argues that the absence of a traffic or road sign should not be characterized as a proprietary function of a City but instead should be characterized as a governmental function to which section 14(12) of the Texas Tort Claims Act, *supra* would apply.

■ Regulation of traffic is a governmental function. *Lorig v. City of Mission,* 629 S.W.2d 699, 700 (Tex.1982); *City of Austin v. Daniels,* 160 Tex. 628, 335 S.W.2d 753, 754 (1960). A "barricade" is officially defined as a traffic control device to warn or alert drivers of the termination of a road and it may be used to mark the end of a roadway other than construction or maintenance areas. STATE DEPARTMENT OF HIGHWAYS AND TRANSPORTATION: Texas Manual On Uniform Traffic Control Devices For States and Highways, 2A1.1 and 3F1. Therefore, a barricade, that may be used to mark the end of a roadway other than construction or maintenance areas, is intended to regulate traffic for the safety of the public generally. In the instant case, unlike those cases involving road signs which warned of construction or improvements to a street and were characterized as proprietary function cases, the barricade in question would have marked the end of the street and warned the public in general of the end of the roadway and the existing concrete culvert.

■ Section 14(12) of the Texas Torts Claims Act, *supra* permits a claim against a city arising from the *absence,* condition or malfunction of a traffic or road sign (emphasis ours).

We are not unmindful of the further provision of section 14(12) which states: "... [N]othing herein shall give rise to liability arising from the failure of any unit of government to *initially* place any of the above signs, signals, or devices when such failure is the result of discretionary actions of said governmental unit...." The instant case involves the failure of the City to initially place a traffic control sign, i.e., a barricade, at the end of Wagner Street. Accordingly, if the failure of the City to initially place the barricade was the result of a discretionary action, it would not be liable under the Texas Tort Claims Act, *supra* despite the undisputed fact that it had actual notice of appellant's injuries.

Whether the City had discretion to initially place the barricade is a fact question. We hold that the trial court erred in granting City's motion for summary judgment because there existed material issues of fact, including whether the City had discretion to initially place the barricade.

The judgment of the trial court is reversed and this cause is remanded to the trial court for a trial on the merits.

REEVES, Justice, dissenting.

I respectfully dissent.

The majority opinion bases its reason for reversal solely on the grounds that written notice to the City was not required because the erection of a barricade is a governmental function rather than a proprietary function. Consequently, the provisions of the Texas Tort Claim Act apply. The issue as to whether the erection of a barricade was a governmental rather than a proprietary responsibility of the City was not raised in either appellant's or appellee's brief. In-

deed, the thrust of Appellant's brief is that the requirement of written notice, in the instance of a proprietary function, should be done away with due to its harshness and unreasonableness. This, to me, is a tacit acknowledgment on the part of the Appellant that the failure of the City to erect a barricade was a proprietary function.

The Appellant asks that we be trail blazers and strike down the written notice which is now required by most city charters in the State of Texas. In my view, due to the relatively current vintage of the case law upholding this type of notice, our responsibility as an intermediate appellate court is to leave that decision to our Supreme Court.