Wenzel v. New Braunfels 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-020-CV





LAWRENCE E. WENZEL AND MYRTICE WENZEL,



 APPELLANTS


vs.





CITY OF NEW BRAUNFELS,



 APPELLEE





 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. C89-515-A, HONORABLE RALPH W. CATON, JUDGE PRESIDING



 






 In a single point of error, Lawrence and Myrtice Wenzel ("the Wenzels") appeal
the summary judgment that the trial court rendered in favor of the City of New Braunfels ("the
City"). Mr. Wenzel was severely injured when struck by a motor vehicle as he was leaving the
Comal County Fair. Mrs. Wenzel claims that she suffered severe emotional distress when she
witnessed the aftermath of the accident. The Wenzels sued the City, alleging that it was negligent
in failing to provide pedestrian cross-walks; in failing to erect a barricade, warning sign, stop
light, or other similar warning device; in failing to provide a guard, policeman, or other person
to regulate the flow of traffic and pedestrians; in failing to place a flare or flares to alert motorists
and pedestrians of the dangers of the roadway; in failing to provide adequate lighting; and in
failing to limit parking in the area adjacent to the crossing. The Wenzels also pleaded that the
City had actual or constructive notice of a special defect which it failed either to warn about or
to correct. They claimed that insufficient lighting, uncontrolled parking, and uncontrolled
pedestrian activity each constituted a special defect.

 The standards for reviewing a summary judgment are well established: (1) as the
movant for summary judgment, the City has the burden of showing that no genuine issue of
material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact precluding summary judgment, evidence favorable to the Wenzels
will be taken as true; and (3) every reasonable inference must be indulged in favor of the Wenzels
and any doubts resolved in their favor. Nixon v. Mr. Property Management Co., 690 S.W.2d
546, 548-49 (Tex. 1985). When the City moves for summary judgment on the basis of an
affirmative defense, it must conclusively prove all essential elements of that defense. Swilley v.
Hughes, 488 S.W.2d 64, 67 (Tex. 1972); Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589,
592 (Tex. App.--Austin 1991, writ denied). The City moved for summary judgment on four
grounds. We will affirm the district court's judgment based upon two grounds which assert that
the City had governmental immunity for its failure to perform discretionary acts and that no
special defect existed as an exception to this immunity. (1)



GOVERNMENTAL IMMUNITY


 Governmental immunity consists of two basic principles of law. First, the state as
sovereign is immune from suit without consent. Second, the state has immunity from liability
even though the state has consented to be sued. Missouri Pac. R.R. v. Brownsville Navigation
Dist., 453 S.W.2d 812, 813 (Tex. 1970); Dillard, 806 S.W.2d at 592. One exception to the
general rule of governmental immunity is that a municipality is not immune when exercising its
proprietary functions. Dillard, 806 S.W.2d at 593-94. Street construction and design, the
presence of warning signals, traffic regulation, and maintenance of traffic signals, signs, and
hazards are all governmental functions as defined by the Legislature. Texas Tort Claims Act ("the
Act") § 101.0215(a)(3), (20), (21), (31). (2) These governmental functions are not proprietary
functions of a municipality. Act § 101.0215(c). As a general rule, therefore, the City is immune
from suits based on the exercise of its governmental functions. City of Galveston v. Posnainsky,
62 Tex. 125, 127 (1884); Dillard, 806 S.W.2d at 593-94. However, this rule is not without a
broad exception. Section 101.025 of the Act permits actions against the state and other
governmental entities; the section also waives the state's immunity from liability. Both provisions
limit these waivers to the terms expressly set forth in the Act. Id.; see also McKinney v. City of
Gainesville, 814 S.W.2d 862, 865 (Tex. App.--Fort Worth 1991, no writ). Therefore, we must
examine the Act's provisions before determining if the Wenzels may sue the City for damages.



DISCRETIONARY ACTS


 The waivers of immunity from suit and liability in the Act do not apply to a
governmental entity's failure to perform a discretionary act. Act § 101.056(2). The City
contends that its decision whether to place a traffic control device or take other precautionary
measures is a discretionary act for which it is immune.

 The reason for immunizing discretionary actions of governmental entities is "to
avoid judicial review that would question the wisdom of a government's exercise of its discretion
in making policy decisions." McKinney, 814 S.W.2d at 866 (quoting State v. Terrell, 588 S.W.2d
784, 787 (Tex. 1979)). Courts distinguish the formation of policy from its implementation by
according immunity to the former but not the latter. See University of Tex. at Arlington v. Akers,
607 S.W.2d 283, 286 (Tex. Civ. App.--Fort Worth 1980, writ ref'd n.r.e.) (university had
discretion for policy decision whether to cancel classes due to bad weather); cf., Tarrant County
Water Control & Improvement Dist. No. 1 v. Crossland, 781 S.W.2d 427, 433 (Tex. App.--Fort
Worth 1989, writ denied) (decision to post warning signs did not make inclusion of lights in
bridge design implementation of policy decision). The distinction also has been phrased in terms
of policy formation and decisions incidental to the formation of that policy. See Norton v. Brazos
County, 640 S.W.2d 690, 692-93 (Tex. App.--Houston [14th Dist.] 1982, no writ) (decision of jail
to operate kitchen discretionary, but county not immune with respect to daily operation incidental
to this policy).

 The Wenzels and the City initially dispute whether determining the discretionary
nature of a governmental entity's actions is a legal or a factual question. If we accept the latter
proposition, the trial court improperly granted summary judgment, as the question would be one
for the trier of fact. Recognizing a split in authority among Texas courts of appeals on this issue,
we hold that it is a question of law. Compare McKinney, 814 S.W.2d at 867 (question of law)
with Villarreal v. City of San Antonio, 657 S.W.2d 175 (Tex. App.--San Antonio 1983, no writ)
(question of fact).

 The supreme court has indicated that a governmental entity's initial decision to
place traffic control devices is discretionary. See State Dep't of Highways & Pub. Transp. v.
King, 808 S.W.2d 465, 466 (Tex. 1991). Other courts of appeals have held that the decision to
regulate traffic by signs, barricades, or other means is discretionary. See McKinney, 814 S.W.2d
at 866-67 (barricades along parade route); Villarreal v. State, 810 S.W.2d 419, 420-21 (Tex.
App.--Dallas 1991, writ denied) (exit ramp sign); City of El Paso v. Ayoub, 787 S.W.2d 553, 554
(Tex. App.--El Paso 1990, writ denied) (guardrail); Shives v. State, 743 S.W.2d 714, 717 (Tex.
App.--El Paso 1987, writ denied) (stop sign). We hold that the City's decision whether to regulate
traffic near the County Fair by the means suggested in the Wenzels' petition was discretionary. 
Accordingly, section 101.056(2) of the Act bars the Wenzels from suing the City for the failure
to perform such acts. (3)



SPECIAL DEFECTS


 The Wenzels assert that even if the City would ordinarily be immune from its
failure to perform discretionary acts, it is still liable for failure to warn of special defects existing
at the time of the accident. (4)

 Section 101.060(a)(1) provides that the Act's waiver of immunity does not apply
to a claim arising from the failure of a governmental unit initially to place a traffic or road sign,
signal, or warning device if the failure is a result of discretionary action of the governmental unit. 
This section provides further support for the trial court's order of summary judgment based upon
governmental immunity. Immunity is not waived, however, for "the duty to warn of special
defects such as excavations or roadway obstructions." Act § 101.060(c). The Act thus makes the
City's duty to warn the public of special defects mandatory, not discretionary. See Villarreal, 810
S.W.2d at 421. The Wenzels pleaded that special defects existed in the form of insufficient
lighting, uncontrolled parking, and uncontrolled street crossing by pedestrians. The City's motion
for summary judgment asserted that no special defect existed; instead, it contends, its failure to
provide lighting, to regulate parking, or to direct pedestrian activity constitute discretionary
decisions for which it is immune.

 The existence of a special defect is a question of law. State Dep't of Highways &
Pub. Transp. v. Payne, 838 S.W.2d 235, 238 (Tex. 1992). The Act mentions "special defects
such as excavations or roadway obstructions." Act § 101.060(c). Applying the rule of ejusdem
generis, we construe "special defects" to include those defects of the same kind or class as the
examples mentioned in the statute. See Harris County v. Eaton, 573 S.W.2d 177, 179 (Tex.
1978); Crossland, 781 S.W.2d at 434. Inadequate lighting is not an excavation or roadway
obstruction. Cases holding an obstruction to be a special defect involve obstructions of a different
nature than vehicles or pedestrians. See Eaton, 573 S.W.2d at 179 (abnormally large hole in
pavement); State v. McBride, 601 S.W.2d 552, 558 (Tex. Civ. App.--Waco 1980, writ ref'd
n.r.e.) (slick mud on roadway as result of construction); Miranda v. State, 591 S.W.2d 568, 570
(Tex. Civ. App.--El Paso 1979, no writ) (flood waters on road in low water crossing). One court
of appeals has held that a legally parked car is not a special defect. Palmer v. City of Benbrook,
607 S.W.2d 295, 300 (Tex. Civ. App.--Fort Worth 1980, writ ref'd n.r.e.). We hold that none
of the circumstances alleged in the Wenzels' petition constitutes a special defect. Because the City
has established its immunity from all of the Wenzels' claims, we overrule their point of error.

 The judgment of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: April 21, 1993

[Publish]

1.   The City's other two grounds asserted that (1) the street where Mr. Wenzel was
injured was constructed before the enactment of the Texas Tort Claims Act and (2) Mr.
Wenzel's knowledge of the condition of the street where he was injured barred his
recovery.
2.   All references to the Act are to Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001--.109
(West 1986 & Supp. 1993).
3.   Section 101.056(2) of the Act only applies to a governmental entity's failure to
perform a discretionary act. If the City had decided to regulate the street in question, it might
be liable for acts furthering this policy decision. See McKinney, 814 S.W.2d at 866. The
Wenzels allege the City made this decision but cite no evidence in the record to support this
allegation.
4.   The Wenzels argue that their claims of "premise defects" also fall within an
exception to the rule that the City is immune for failure to perform discretionary acts. 
Unlike special defects, however, no express exception is contained in the Act for premise
defects. The only mention of premise defects is in section 101.022, where the normal duty
of care the governmental entity owes in regard to special defects is contrasted to the
"licensee duty of care" owed for premise defects. The "premise defects" the Wenzels
allege are the conditions resulting from the City's failure to perform the acts we have
found discretionary.