ACCEPTED
03-15-00292-CV
5786410
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/23/2015 1:07:57 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00292-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/23/2015 1:07:57 PM
JEFFREY D. KYLE
Clerk

In the Third Court of Appeals
Austin, Texas

THE CITY OF AUSTIN, Defendant – Appellant

v.

JENNIFER FRAME, INDIVIDUALLY, AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF JOHN WILLIAM GRIFFITH, GREG
GRIFFITH, CHERYL BURRIS AND DIANA PULIDO, Plaintiffs - Appellees

Appeal from Cause No. D-1-GN-12-003557
53rd Judicial District Court of Travis County, Texas

## BRIEF OF APPELLANT

KAREN M. KENNARD, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION
CHRIS EDWARDS
Assistant City Attorney
State Bar No. 00789276
Chris.edwards@austintexas.gov
City of Austin-Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone:  (512) 974-2419
Facsimile:   (512) 974-1311

**COUNSEL FOR DEFENDANT - APPELLANT**

## IDENTITY OF PARTIES AND COUNSEL

**Defendant - Appellant**
The City of Austin

**Plaintiffs - Appellees**
Jennifer Frame, Individually, and as Personal Representative of the Estate of John William Griffith, Greg Griffith, Cheryl Burris and Diana Pulido

**Counsel for Defendant – Appellant**
Chris Edwards
Assistant City Attorney
State Bar No. 00789276
chris.edwards@austintexas.gov
City of Austin - Law Department
P.O. Box 1546
Austin, Texas  78767-1546
Telephone:  (512) 974-2419
Facsimile:   (512) 974-1311

**Counsel for Plaintiffs - Appellees**
Sean E. Breen
State Bar No.00783715
sbreen@howrybreen.com
HOWRY BREEN & HERMAN, L.L.P.
1900 Pearl Street
Austin, TX  78705-5408
Telephone: (512) 474-7300
Facsimile:  (512) 474-8557

Mike Davis
State Bar No. 05549500
mdavis@slackdavis.com
SLACK & DAVIS, L.L.P.
2705 Bee Cave Road, Suite 220
Austin, Texas  78746
Telephone:  (512) 795-8686
Facsimile:  (512) 795-8787

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS ................................................................... iii, vi

INDEX OF AUTHORITIES ................................................................. v, vi

RECORD REFERENCES ......................................................................1

STATEMENT OF THE CASE ..................................................................1

ORAL ARGUMENT IS NOT REQUESTED ...................................................2

ISSUE PRESENTED ..........................................................................2

STATEMENT OF FACTS .....................................................................2

SUMMARY OF THE ARGUMENT ...........................................................3

ARGUMENT ................................................................................5

    1.    The City Has Governmental Immunity for Discretionary Decisions Regarding Roadway Design and Installation of Safety Features. . . . 5

        A.    State Law Makes Decisions Regarding Roadway Design and Installation of Safety Features Discretionary ............................7

            1.    Municipalities Have Discretion to Make Decisions Regarding Roadway Design and Installation of Safety Features. ......................................................10

            2.    The City Exercised its Discretion Regarding Installation of Additional Safety Features on the Roadway. .............12

            3.    The Trial Court Lacked Jurisdiction to "Second Guess" the City's Roadway Design and Installation of Safety Features. ......................................................14

B. The City Does Not Have a Policy Mandating the Installation of Additional Safety Features on the Roadway. ........................16

1. Plaintiffs Failed to Affirmatively Establish the Trial Court's Subject Matter Jurisdiction. ...............................17

a. Plaintiffs Failed to Meet Their Burden to Overcome the City's Governmental Immunity....17

b. The City Employee's Report Fails to Identify a Policy Mandating Installation of Additional Safety Features on the Roadway. .........................21

2. Plaintiffs fail to Identify a Ministerial Act Leaving Nothing to the City's Exercise of Discretion. ................21

CONCLUSION AND PRAYER ...........................................................23

CERTIFICATE OF SERVICE ............................................................24

CERTIFICATE OF COMPLIANCE....................................................25

APPENDIX .........................................................................................26

# INDEX OF AUTHORITIES

**Cases**

*Bellnoa v. City of Austin*,
   894 S.W.2d 821 (Tex. App.—Austin 1995, no writ) ............................. 19, 20, 21

*Bland I.S.D. v. Blue*,
   34 S.W.3d 547 (2000) ...........................................................................8

*Burnett v. Texas Highway Dep't.*,
   694 S.W.2d 210 (Tex.App.—Eastland 1985, writ ref'd n.r.e.) ...........................10

*City of El Paso v. Ayoub,*
   787 S.W.2d 553 (Tex. App.—El Paso 1990, writ denied) ...................................10

*City of Lancaster v. Chambers,*
   883 S.W.2d 650 (Tex. 1994)................................................. 4, 6, 21, 22

*Horizon/CMS Healthcare Corp. v. Auld*,
   34 S.W.3d 887 (Tex. 2000)...................................................................17

*Maxwell v. Texas Dep't. of Transp.*,
   880 S.W.2d 461 (Tex. App.—Austin 1994, writ denied)......................................15

*Price v. U.S.*,
   174 U.S. 373 (1899).............................................................................5

*Stanford v. State Dep't of Highways & Pub. Transp.*,
   635 S.W.2d 581 (Tex.App.—Dallas 1982, writ ref'd n.r.e.)................................10

*State v. Miguel,*
   2 S.W.3d 249 (Tex. 1999)................................................... 3, 6, 9, 15

*State v. Rodriguez,*
   985 S.W.2d 83 (Tex. 1999)...................................................... 5, 11

*State v. Terrell,*
   588 S.W.2d 784 (Tex. 1979)..............................................................15

*Stephen F. Austin State Univ. v. Flynn*,
228 S.W.3d 653 (Tex. 2007)............................................................. 6, 9, 13, 14, 15

*Tex. Dep't of Transp. v. Hathorn,*
2012 WL 2989235 (Tex.App.—Austin 2012)................................................ 1, 7, 9

*Texas Dep' t. of Transp. v. Ramirez,*
74 S.W.3d 864 (Tex. 2002)...................................................... 3, 10, 11, 12, 20, 22

*Texas Dep't of Transp. v. Able*,
35 S.W.3d 608 (Tex. 2000)...............................................................................5

*Texas Dep't. of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004).................................................................. 17, 18, 19

*Texas Dep't. of Transp v. Jones*,
8 S.W.3d 636 (Tex. 1999)...............................................................................17

*Wenzel v. City of New Braunfels,*
852 S.W.2d 97 (Tex. App.—Austin 1993, no writ) ................................. 10, 11, 12

*Zambory v. City of Dallas*,
838 S.W.2d 580 (Tex. App.—Dallas 1992, writ denied) ....................................21

**Statutes**

*Tex. Civ. Prac. & Rem. Code Ann.* § 101.021(2) (West 2011)..................................6

*Tex. Civ. Prac. & Rem. Code Ann.* § 101.056 (West 2011) ....................... 3, 6, 9, 18

*Tex. Civ. Prac. & Rem. Code Ann.*§§ 101.051–067 (West 2011) ............................6

## RECORD REFERENCES

Clerk's Record. Citations to the Clerk's Record will be to "CR" with the page number following, e.g., "CR 7."

Appendix. References to materials included in the Appellant's Appendix are referred to as "AA" with the page number following, e.g., "AA 1."

## STATEMENT OF THE CASE

Plaintiffs sue for negligence seeking damages for wrongful death and personal injuries against Joseph Rosales and the City of Austin stemming from a vehicle/pedestrian accident.[1] CR 14. The City's answer asserted the affirmative defense of governmental immunity pursuant to the Texas Tort Claims Act, among other things. CR 22–23. The City filed a plea to the jurisdiction establishing that the trial court lacked subject matter jurisdiction because governmental immunity is not waived for discretionary decisions regarding roadway design and installation of safety features. CR 25. At the hearing on the plea, Plaintiffs served their response on the City asserting that the City's negligence was a failure of policy

---

[1] Plaintiffs' First Amended Original Petition implies liability for a premises defect, special defect, or under the recreational use statute, but fails to affirmatively plead a cause of action ("City of Austin may be held to answer in a court of law"), or plead any facts to show how the City's decision regarding roadway design and installation of safety features constitute premises or special defects, or violate the recreational use statute to show a waiver of governmental immunity. CR 17–18. *Tex. Dep't of Transp. v. Hathorn,* 2012 WL 2989235 *3 (Tex.App.— Austin 2012) ("claimants may not use creative pleading to recast an act of discretionary roadway design as a premise defect or special defect claim").

implementation not a failure of policy formulation waiving immunity.[2] CR 33. The district court denied the City's plea to the jurisdiction without stating the basis or its ruling. CR 66, AA1. The City takes accelerated appeal of that Order. CR 67.

## ORAL ARGUMENT IS NOT REQUESTED

Oral argument is not necessary because this Court has already decided the central issue, that roadway design and installation of safety features are discretionary decisions for which governmental immunity is not waived under the Texas Tort Claims Act.

## ISSUE PRESENTED

Governmental immunity deprived the trial court of subject matter jurisdiction under the Texas Tort Claims Act over the City of Austin's exercise of discretion regarding roadway design and installation of safety features.

## STATEMENT OF FACTS

On May 7, 2012, Defendant Joseph Rosales was driving under the influence east on West Cesar Chavez St. when he jumped the curb near North Lamar Blvd., and veered onto the Hike and Bike Trial bordering Lady Bird Lake, striking John

---

[2] Plaintiffs' Response to Defendant's Plea to the Jurisdiction was served on the City at the hearing; therefore, the trial court did not have the benefit of a reply from the City on which to base its ruling.

Griffith and Diane Pulido.[3] CR 13. John Griffith's daughter, Plaintiff Jennifer Frame, was walking with her father and witnessed the accident but escaped injury, and is joined by her siblings Greg Griffith and Cheryl Burris in this suit. CR 13. John Griffith died from injuries sustained in the accident, and Plaintiff Diana Pulido sustained serious injuries. CR 13.

## SUMMARY OF THE ARGUMENT

The Texas Tort Claims Act preserves governmental immunity for discretionary decisions regarding roadway design and installation of safety features, regardless of the causes of action alleged. *Tex. Civ. Prac. & Rem. Code Ann.* § 101.056 (West 2011). Texas courts have clearly stated that design of roadways, and specifically, the safety precautions, or lack thereof, included in those designs, are discretionary policy decisions of the government, from which there is absolute immunity from suit. *Texas Dep' t. of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002). The City of Austin exercised that discretion decades ago when it designed West Cesar Chavez St., and continued to exercise that discretion by not installing additional safety features at the accident site. The Texas legislature having reserved those decisions to a municipality's discretion, the trial court lacked subject matter jurisdiction to "second guess" the adequacy of the decisions the City reached in this case. *State v. Miguel,* 2 S.W.3d 249, 251 (Tex.

[3] Joseph Rosales was sentenced to five years imprisonment for aggravated assault with a deadly weapon for jumping the curb and striking two pedestrians. CR 25.

3

1999).

No City policy mandates that the City install additional safety features on the roadway, or the trail at the accident site, or elsewhere.[4] Plaintiffs' assertion of a City policy relies on a report written by a City employee, which vaguely mentions a Parks and Recreation Department "policy" regarding hazards in general. Plaintiffs failed to specifically identify the alleged policy referenced by the City employee, the date the policy was issued, the period covered by the policy, the policymaker, or the additional safety features to be installed at the accident site mandated by the policy with "precision," to overcome governmental immunity for discretionary decisions. To allow such a broad generality to confer jurisdiction on trial courts would undermine the legislative intent behind the limited waiver of governmental immunity in the Texas Tort Claims Act. Even if a policy did exist as alleged, Plaintiffs failed to show that this generic policy to ensure safety in general at all recreational facilities in any way identified the act(s) to be performed at the accident site so as to make implementation of the policy "ministerial acts that require obedience to orders." *City of Lancaster v. Chambers,* 883 S.W.2d 650, 654 (Tex. 1994).

A liberal construction of Plaintiffs' pleadings and jurisdictional evidence

---

[4] To circumvent the City's governmental immunity, Plaintiffs mischaracterize the danger over which they bring suit as the trail, yet their factual allegations establish that the only danger is from the adjoining roadway, specifically cars veering off the roadway in violation of traffic laws. CR 34.

shows, at most, that the purported policy only recommended that the Parks and Recreation Department identify hazards, and *make a decision on how to deal with hazards*. Plaintiffs' jurisdictional evidence establishes that the "MANAGEMENT RESPONSE – ACTION PLAN," submitted by the department in response to the City employee's report in no way references the accident or the accident site, merely restating the overall "goal" that the "Department is committed to ensuring parks and recreational facilities are safe for all to enjoy." CR 65. The broad statement of a departmental goal to make all recreational facilities safe "requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment," overcoming governmental immunity. *State v. Rodriguez,* 985 S.W.2d 83, 85 (Tex. 1999).

## ARGUMENT

### I. The City Has Governmental Immunity for Discretionary Decisions Regarding Roadway Design and Installation of Safety Features.

The principle of sovereign immunity is deeply imbedded in the Anglo-American common law system. The principle is simple: the government is not liable for suit unless it consents. *Price v. U.S.*, 174 U.S. 373, 375 (1899). Therefore, as a general rule, states and their subdivisions have sovereign and governmental immunity unless the state expressly waives that immunity. *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). The Texas Tort Claims Act includes a limited waiver of sovereign immunity for "personal injury and death

5

so caused by a condition or use of tangible personal or real property if the government unit would, were it a private person, be liable to the claimant according to Texas law." *Tex. Civ. Prac. & Rem. Code Ann.* § 101.021(2) (West 2011). While the waiver in section 101.021 reads broadly, the legislature expressly limited the waiver in Subchapter C of Chapter 101, thus maintaining the state's well established sovereign immunity for certain acts. *Id.* §§ 101.051–067. Most pertinently, sovereign immunity is not waived under the Texas Tort Claims Act for "(1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or (2) a government unit's decision not to perform an act or on its failure to make a decision on the performance of an act if the law leaves the performance or non-performance of the act to the discretion of the governmental unit." *Id.* § 101.056.

The Texas Supreme Court has interpreted section 101.056 as preserving sovereign immunity for the discretionary acts of the state. *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 657 (Tex. 2007). Courts determine if a government activity is discretionary as a matter of law. *Miguel*, 2 S.W.3d at 251. Only if the law mandates action by the City with such precision so as to leave nothing to the exercise of discretion or judgment does the City waive governmental immunity. *Chambers*, 883 S.W.2d at 654.

First, the Texas Supreme Court has determined as a matter of law that municipalities and other government entities are protected by immunity from suits regarding roadway design and the installation of safety features. Second, no City policy mandates installation of additional safety features on West Cesar Chavez St., much less with "precision," so as to make the act of installing additional safety features ministerial.

A. **State Law Makes Decisions Regarding Roadway Design and Installation of Safety Features Discretionary.**

Case law clearly establishes that municipalities, like any other governmental unit, have discretion regarding roadway design and whether or not to install safety features. At the time of this accident, the City had exercised that discretion with respect to the design of West Cesar Chavez St., and the safety features incorporated into the roadway design. The City's decisions represent the formulation of policy, not the implementation of policy, and the trial court lacked jurisdiction to exercise judicial scrutiny over the adequacy of the City's decisions. *Tex. Dep't of Transp. v. Hathorn,* 2012 WL 2989235 at *8, n. 8 (Tex. App.—Austin 2012, no pet.) ("Thus, TxDot's design decisions about state highway cross slopes involve performance of its legislatively delegated function and subjecting such decisions to judicial scrutiny has separation-of-powers implications.")

Plaintiffs' liability theory makes a causal link between roadway design and the collision, based on their own factual allegations, "*vehicles traveling at a high*

7

*rate of speed . . . enter a sharp turn . . . come within feet of those vehicles as the path of the trail converges with the road*." CR 32. Plaintiffs attempt to frame the issue as implementation of a policy to install safety features, but their own factual allegations clearly show the issue is one of policy formulation complaining of designing a "sharp turn" in the roadway "within feet" of the trail, a discretionary roadway design decision made decades ago for which the City retains immunity. CR 32. Moreover, Plaintiffs' pleading establishes that there is no "sharp turn," or turn of any kind on West Cesar Chavez St. at the accident site. CR 34. It is beyond dispute, based on photos of the accident site incorporated into Plaintiffs' pleading, that there is only a very slight curve in the roadway, just like most city streets. AA 2. While the trial court accepts the allegations in the pleadings as true, it is also required to consider evidence relevant to jurisdiction when necessary to resolve the jurisdictional issue. *Bland I.S.D. v. Blue*, 34 S.W.3d 547, 555 (2000). Plaintiffs fault the City's lack of jurisdictional evidence, but in this case Plaintiffs' submission of evidence affirms the City's decision to exercise its discretion on whether or not to install additional safety features at a single point on a trail extending many blocks between highways. Plaintiffs' injuries stem from a driver under the influence veering off the roadway striking pedestrians in close proximity. Clearly, the City cannot wall in a miles-long trail, or every sidewalk and bus stop

adjoining the roadway, many of which are in closer proximity than the accident site in this case.

In another collision case, this Court recently clarified that the "liability theory presented in this [jurisdictional] evidence makes a causal link between the TxDOT engineer's decisions about the design of the highway's cross slope, the complained-of pavement conditions, and the subject collision. That theory is based entirely on TxDOT's roadway design. Even taking the evidence in the light most favorable to Hathorn, the non-movant, it is clear that the negligence alleged by Hathorn arose not from faulty implementation of the plans, but from TxDOT's policy decision about the roadway's design." *Hathorn,* 2012 WL 2989235 at *8 (liability theories alleged by plaintiff implicate discretionary decisions regarding highway design for which TxDOT retains sovereign immunity). Similarly, Plaintiffs herein complain about designing a "sharp turn" on West Cesar Chavez St., which even though disproven by Plaintiffs' jurisdictional evidence, is a complaint about policy formulation.

"Under section 101.056, the State retains its immunity for claims based on its 'decisions not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." *Flynn,* 228 S.W.3d at 662 *n.6*, citing *Miguel,* 2 S.W.3d at 251. Plaintiffs' jurisdictional

9

evidence establishes that in 2014, two years after the accident, the City had still not made any decision on whether or not to install additional safety features at the accident site. "*It is unclear when a decision will be made regarding safety at that location.*" *fn.2* (emphasis added)  CR 17, 60.  Accordingly, governmental immunity is not waived depriving the trial court of subject matter jurisdiction.

### 1. Municipalities Have Discretion to Make Decisions Regarding Roadway Design and Installation of Safety Features.

Texas courts have repeatedly stated, as a matter of law, that the decision to install safety features on roadways is a discretionary act for which the state has immunity from suit. *Ramirez*, 74 S.W.3d at 867 (decision not to install barriers or guardrails); *Wenzel v. City of New Braunfels,* 852 S.W.2d 97, 98 (Tex. App.—Austin 1993, no writ) (decision not to erect barricade, warning sign, or similar warning device); *City of El Paso v. Ayoub,* 787 S.W.2d 553, 554 (Tex. App.—El Paso 1990, writ denied) (design, placement, and upgrading of guardrails and barricades on bridge over culvert); *Burnett v. Texas Highway Dep't.,* 694 S.W.2d 210, 212 (Tex.App.—Eastland 1985, writ ref'd n.r.e.) (replacement of highway metal beam guard fence with rigid barrier); *Stanford v. State Dep't of Highways & Pub. Transp.,* 635 S.W.2d 581, 582 (Tex.App.—Dallas 1982, writ ref'd n.r.e.) (decision not to add guardrails on overpass).

In *Ramirez*, the Texas Supreme Court rejected a claim that failing to install a guardrail on a known hazardous roadway waived governmental immunity. *Ramirez*, 74 S.W.3d at 867. The Court explicitly stated that "the lack of safety features, such as barriers or guardrails, reflect discretionary decisions" thus allowing the state to retain immunity. *Id.* Such a decision is discretionary regardless of whether the decision is to install no features or to install inadequate features. *See id.* (finding immunity for a lack of safety features) and *Rodriguez*, 985 S.W.2d at 86 (finding immunity for inadequate safety features).

This Court's precedent has applied the Supreme Court's logic not only to injured motorists, but also to bystanders inured by motorists. In *Wenzel*, this Court held that the City of New Braunfels had immunity against a suit by injured pedestrians. *Wenzel* at 100. The plaintiff in that case had been injured at the county fairgrounds when a vehicle hit him. *Id.* at 98. This Court held that whether to regulate traffic near the fairgrounds by signs, barricades or other means was discretionary. *Id.* at 100. Thus, this Court determined that a city enjoys immunity against the claims of an injured third party for the city's failure to safely regulate traffic. *Id.* This case presents a strikingly similar situation to the one that this Court addressed in the *Wenzel* case. The plaintiff in *Wenzel* claimed that the City of New Braunfels failed to adequately protect the pedestrians in the fairground by controlling the traffic in the nearby street. *Id.* at 98. Here, while Plaintiffs frame

11

their argument in terms of the trail, every example that they cite as to the dangerousness of the trail involves vehicles veering off the street, just like in *Wenzel*. CR 34. Therefore, the Plaintiffs in this case essentially argue that the City has failed to adequately control traffic, a decision left to the discretion of the City, protected from suit by governmental immunity under the Texas Tort Claims Act.

## 2. The City Exercised its Discretion Regarding Installation of Additional Safety Features on the Roadway.

At the time of the incident, no additional safety features had been installed on West Cesar Chavez St. along the trail which extends many blocks between two highways. *See* CR 26. As the Texas Supreme Court has held, whether or not to install safety features represents a discretionary policy decision of the state. *Ramirez*, 74 S.W.3d at 867. The decision not to install additional safety features remains a discretionary choice. *See id.* Plaintiffs allege "13 prior instances of vehicles dangerously travelling up over the curb," in the last 15 years. CR 15. Plaintiffs admit the trail has "1.5 million visitors a year," yet out of 23.5 million visitors in 15 years, their jurisdictional evidence submits only a single incident of a car veering off the road damaging landscaping. CR 45–53. Even assuming thirteen prior incidences as alleged, under *Ramirez,* prior incidents do not require state action; the state can still freely choose whether to modify roadway safety and be protected by governmental immunity. *Ramirez*, 74 S.W.3d at 867 (fourteen similar incidents on one stretch of road did not waive immunity for decision not to

12

install safety features).  Until the City decides to implement a policy requiring modification, or the law mandates action, it enjoys complete immunity from suits over the safety of the roadway.  *Flynn*, 228 S.W.3d at 657.

While the state enjoys immunity for policy making, the state does not enjoy immunity from suit based on the implementation of an already formulated policy. *Id.*  Plaintiffs argue that the City's decision not to install some sort of safety feature was not itself a discretionary policy decision, but rather a negligent implementation of a previous policy decision, and cite *Flynn* for support.  CR 37.  However, this comparison is misplaced. To determine the line between policy making and policy implementing, the Texas Supreme Court has referenced two tests, the policy/operations test and the design/maintenance test.  *Flynn*, 228 S.W.3d at 657. Under both tests, the discretionary policy formulation occurs when the state decides to act. *See id.* Once the state implements that decision it no longer enjoys immunity.  *Id.*  Determining at what point a final policy is made and ready for implementation determines whether the state has immunity or not. Plaintiffs' jurisdictional evidence establishes that the City never decided to act and install additional safety features at the accident site.  "*It is unclear when a decision will be made regarding safety at that location.*" *fn.2.* (emphasis added)  CR 17, 60.

Using those tests in *Flynn*, the Supreme Court found that while the decision to install sprinklers on Stephen F. Austin's campus was discretionary,

implementing the policy by determining how the sprinklers would work was not. *Id.* at 658. In this case, for the discretionary decisions, Plaintiffs point to a broad supposed "policy" of fixing hazards in parks and attempt to compare it to the decision to install sprinklers in *Flynn*. CR 38. Such a discretionary policy mandating action would rob the City of the flexibility needed to determine the best way to maintain public spaces in a city of over 900,000 people. The purported "policy" Plaintiffs point to would be more akin to Stephen F. Austin having a policy requiring caring for the grounds. In reality, the decision to install sprinklers in *Flynn* would be more like the City making a decision to actually install identifiable safety features at an area. Therefore, *Flynn* does not indicate that the City's decision not to install safety devices went towards the implementation of policy.

Plaintiff's jurisdictional evidence establishes that the "MANAGEMENT RESPONSE – ACTION PLAN," submitted by the department in response to the City employee's report Plaintiffs rely on in no way references the accident or the accident site, merely restating the overall "goal" that the "Department is committed to ensuring parks and recreational facilities are safe for all to enjoy." CR 65.

### 3. The Trial Court Lacked Jurisdiction to "Second Guess" the City's Roadway Design and Installation of Safety Features.

Once the City makes a discretionary policy decision as to the design and safety features of a roadway, courts do not "second guess" whether the decision

14

made was the most appropriate or effective. *Miguel*, 2 S.W.3d at 251. The courts are open for plaintiffs to allege that the decision was implemented negligently, or that the state failed to maintain the equipment it installed, but not to challenge the decision itself. *Flynn*, 228 S.W.3d at 657–58. Here, because the City chose a policy that did not require action, there was nothing to negligently implement, nor was there any equipment that the City could maintain. Thus, Plaintiffs essentially challenge the lack of a decision to install barriers, and seek judicial inquiry into the adequacy of the City's legislative and executive policy making. This Court has said that to do so would "displace the authority of the agency responsible for making such decisions." *Maxwell v. Texas Dep't. of Transp.*, 880 S.W.2d 461, 464 (Tex. App.—Austin 1994, writ denied).

The Texas Supreme Court clarified that the Texas Tort Claims Act's purpose "preserves immunity for discretionary decisions under the 'discretionary powers' exception to the waiver. The exception's purpose is to avoid judicial review or interference with those policy decisions committed to the other branches of government. The provision generally preserves immunity not only for the state's public policy decisions, but also for the state's failure to act, when no particular action is required by law." *Flynn,* 228 S.W.3d at 657 (internal citations omitted); *State v. Terrell,* 588 S.W.2d 784, 787 (Tex. 1979) ("the purpose of both is the same: to avoid a judicial review that would question the wisdom of a government's

15

exercise of its discretion in making policy decisions. The interests to be served by these provisions are several—e.g., effective, unfettered performance of officials in making policy decisions and the maintenance of the separation of powers between the executive, legislative, and judicial branches of government")

**B.    The City Does Not Have a Policy Mandating the Installation of Additional Safety Features on the Roadway.**

At most, Plaintiffs' allegations amount to no more than the City had a broad policy to fix and abate all identified hazards on recreational facilities citywide. CR 38.  For this proposition, Plaintiffs cite "Parks and Recreation Department Stated Policy" as referred to in a report by a City employee.  CR 38.  This purported "policy" fails to establish that the City had a duty to install safety features so as to waive governmental immunity because the pleading itself is insufficient to invoke the district court's jurisdiction. Just the opposite, it establishes that the City had not decided, as it states, "*It is unclear when a decision will be made regarding safety at that location." fn.2* (emphasis added).  CR 17, 60. Additionally, even if the purported "policy" identified by Plaintiffs establishes some duty on the City, that duty is not ministerial leaving nothing to the exercise of discretion or judgment, and thus does not waive governmental immunity.

16

### 1. Plaintiffs Failed to Affirmatively Establish the Trial Court's Subject Matter Jurisdiction.

The common law doctrine of sovereign immunity exists not only to protect the government from the costs of liability, but from the costs of a lawsuit itself. *See Texas Dep't. of Transp v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The plaintiff in a suit against the government has the burden of affirmatively establishing that the trial court has jurisdiction. *Texas Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Immunity is a jurisdictional bar; unless a state has waived immunity from suit, a trial court has no subject matter jurisdiction to hear the case. *Id.* Therefore, to establish trial court jurisdiction, the plaintiff must plead facts that affirmatively show that the state has waived immunity. First, in this case, Plaintiffs have failed to sufficiently identify a policy waiving governmental immunity. Second, Plaintiffs' jurisdictional evidence of a policy fails to waive governmental immunity because it establishes that the City has made no decision regarding the safety of the accident site. CR 60.

### a. Plaintiffs Failed to Meet Their Burden to Overcome the City's Governmental Immunity.

The burden on the plaintiff to establish jurisdiction in cases regarding governmental immunity is much higher than the general notice pleading standard usually used in Texas courts. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000) ("Texas follows a 'fair notice' standard for pleading, which

looks to whether the opposing party can ascertain from the pleading the nature and basic issues of controversy and what testimony will be relevant"). Courts have set the bar to plead jurisdiction where the defendant may have immunity higher, because if the bar is too low and invokes jurisdiction on weak or meritless cases, then the entire policy reason for immunity is circumvented, and municipalities will accrue costs defending cases over which the legislature has granted immunity from suit. Thus, policy requires more than mere notice; at a minimum, plaintiffs must allege specific facts that, if true, would establish a waiver of immunity by the government. *Miranda*, 133 S.W.3d at 226.

To establish a waiver of immunity under the Tort Claims Act, the plaintiff must plead sufficient facts to show that the City's act or omission was not discretionary. *Tex. Civ. Prac. & Rem. Code Ann.* § 101.056 (West 2011). The court will construe the pleading liberally in the plaintiff's favor to determine if the plaintiff has sufficiently pleaded facts establishing a waiver of immunity. *See Miranda*, 133 S.W.3d at 226. In this case, Plaintiffs plead that the Parks and Recreation Department had a "policy" that mandated action to address known safety hazards. CR 41. Plaintiffs claim that this "policy" establishes that the city had no discretion to not install some safety features after an incident. *Id.* In support of that claim, Plaintiffs point to a report made by a City employee referencing various Parks and Recreation Department "polices." CR 40. Plaintiffs

18

claim that because the City has not controverted their evidence, then the court must interpret their pleadings as establishing that a "policy" existed, and implementing it by building a safety barrier was not a discretionary act, a fact that would establish jurisdiction. CR 41. However, the law does not require, and the City cannot prove a negative, the lack of a policy. Rather the law places the burden on the plaintiff to affirmatively establish jurisdiction and Plaintiffs' jurisdictional evidence, even if taken as true that a safety and accident policy exists, does not affirmatively establish that the Texas Tort Claims Act has waived immunity for the City. *Miranda*, 133 S.W.3d at 226. To allow this claim to establish a court's jurisdiction would greatly undermine the policy behind governmental immunity. Plaintiffs do not identify a policy by any identifiable means, not even a name, and ask the court to assume that they are correct that not only does it exist, but it requires what they claim. Their own jurisdictional evidence refutes their allegations, affirmatively showing that the City made no decision regarding installing additional safety features. *fn.2*. CR 17, 60.

This court has already rejected the idea that it is enough to merely plead that a mandatory policy exists and require the court to accept it as true. *See Bellnoa v. City of Austin*, 894 S.W.2d 821, 824 (Tex. App.—Austin 1995, no writ). The mere use of magic words disproven by Plaintiffs' jurisdictional evidence overcoming immunity would make a nullity of Plaintiffs' burden to establish jurisdiction. In

19

*Bellnoa*, the plaintiffs were more specific than the plaintiffs in the current case, and identified two documents by name, claiming that those documents mandated action on the city. *Id.* This Court was then able to look at the documents in question and determine that they did not establish a mandatory duty on the City. *Id.* at 845–25. In *Ramirez,* Plaintiff's expert report opining that "TxDOT could have remedied the dangerous condition by flattening the median's slope or installing concrete median barriers or guardrails" did not overcome the state's sovereign immunity. *Ramirez,* 74 S.W.3d at 867 ("there had been numerous head-on collisions involving vehicles crossing the narrow grass median and colliding with vehicles traveling in the opposite direction").

Plaintiffs, fully capable of acquiring City policies through the same discovery and open records requests which obtained a City employee's report and police report for the only other accident they submit, make vague, broad generalizations referring to some purported "policy," which they fail to identify, name, date, or establish that it was created by someone with authority to make policy for the City. Plaintiffs attempt to use this singular vague reference to avoid the fate of the Bellnoas to establish jurisdiction without actually identifying any policy that can be said to mandate that the City act. Plaintiffs attempt to have the trial court accept their allegation as true, and conveniently avoid the risk that the court might decide that the referenced policy does not bind the City as a matter of

20

law.  In light of this Court's decision in *Bellnoa*, when a plaintiff alleges that some policy binds the government to action, they should have to at least point to an actual policy to establish waiver of immunity, and therefore, jurisdiction. Plaintiffs fail to do so because no policy exists.

> **b.     The City Employee's Report Fails to Identify a Policy Mandating Installation of Additional Safety Features on the Roadway.**

Statements made by individual employees of a city government cannot create policy, nor can they bind the city to act.  *See Zambory v. City of Dallas*, 838 S.W.2d 580, 583 (Tex. App.—Dallas 1992, writ denied).  The evidence offered by Plaintiffs suggested policy consists solely of a report by a City employee.  CR 41. It would be one thing if Plaintiffs identified an actual policy written by a department official pursuant to delegated powers; however, Plaintiffs wish to use an employee report that references a purported policy to bind the city, and waive governmental immunity, simply on the basis of the use of vague terms.

> **2.     Plaintiffs fail to Identify a Ministerial Act Leaving Nothing to the City's Exercise of Discretion.**

Governmental immunity exists for failing to perform a discretionary act, and is only waived when the injury is caused by a failure to perform a ministerial act. *Chambers,* 883 S.W.2d at 654. A ministerial act is such that the actor has no choice, "where the law prescribes and defines the duties to be performed with such precision as to leave nothing to the exercise of discretion or judgment."  *Id.*

21

According to the Plaintiffs, the Parks and Recreation Department has a policy that requires it to "eliminate or control identified safety hazards." CR 40. A policy that broad does not define "the duties to be performed with such precision as to leave nothing to the exercise of discretion or judgment." *Chambers*, 883 S.W.2d at 654. Many ways of eliminating or controlling hazards exist, and some known hazards simply cannot be controlled such as walling in miles of trails. If there were an actual policy enacted by a City official vested with the authority to set policy, Plaintiffs would surely have submitted it as jurisdictional evidence, or at least quoted the policy language that mandated the City to act with "precision."

A discretionary decision is simply one that requires deliberation, decision, and judgement. *Id.* Discretionary policy decisions may give way to other discretionary policy decisions; just because a city makes a discretionary decision does not mean that all subsequent decisions are ministerial. If addressing safety hazards is a discretionary policy decision, then so is determining the best way to go about doing so, and if the adequacy of a discretionary decision cannot be challenged, then neither can deciding that no action is needed. *Ramirez*, 74 S.W.3d at 867. The City's decision that no action is needed is protected by governmental immunity depriving the trial court of subject matter jurisdiction.

22

## CONCLUSION AND PRAYER

For the reasons set forth herein, the trial court's order denying the plea to the jurisdiction should be reversed, and judgment should be rendered granting the plea.

RESPECTFULLY SUBMITTED,

KAREN M. KENNARD, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

/s/     Chris Edwards
CHRIS EDWARDS
Assistant City Attorney
State Bar No. 00789276
chris.edwards@austintexas.gov
City of Austin-Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone:  (512) 974-2419
Facsimile:   (512) 974-1311

**COUNSEL FOR DEFENDANT - APPELLANT**

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties, or their attorneys of record, in compliance with the Appellate Rules of Civil Procedure, this 23rd day of June, 2015.

Sean E. Breen
State Bar No.00783715
sbreen@howrybreen.com
HOWRY BREEN & HERMAN, L.L.P.
1900 Pearl Street
Austin, TX  78705-5408
Telephone:  (512) 474-7300
Facsimile:  (512) 474-8557

Mike Davis
State Bar No. 05549500
mdavis@slackdavis.com
SLACK & DAVIS, L.L.P.
2705 Bee Cave Road, Suite 220
Austin, Texas  78746
Telephone:  (512) 795-8686
Facsimile:  (512) 795-8787

**COUNSEL FOR PLAINTIFFS - APPELLEES**

/s/ Chris Edwards
CHRIS EDWARDS
Counsel for Defendant – Appellant

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Tex. R. of App. P. 9.4(i)(2)(B) because this brief contains 5405 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Chris Edwards
CHRIS EDWARDS
Counsel for Defendant – Appellee

**APPENDIX**

TAB

1        Order Denying City of Austin's Plea to the Jurisdiction

2        Plaintiff's Response in Opposition to Defendant City of Austin's Plea to the
         Jurisdiction – photos of accident site, pg. 3.

# APPENDIX 1

CAUSE NO. D-1-GN-12-003557

| | | |
|---|---|---|
| JENNIFER FRAME, individually and as | § | IN THE DISTRICT COURT |
| personal representative of the Estate of | § | |
| John William Griffith; GREG GRIFFITH; | § | |
| CHERYL BURRIS; and DIANA PULIDO, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| JOSEPH LOUIS ROSALES and CITY OF | § | |
| AUSTIN, | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

## ORDER DENYING PLEA TO THE JURISDICTION

Before this Court is Defendant City of Austin's plea to the jurisdiction. After careful consideration of the plea, the response, the filings and evidence on file with this Court, and the arguments of counsel, this Court is of the opinion the plea should be and hereby is **DENIED**.

**SO ORDERED.**

Signed: April 27 , 2015.

_____
JUDGE PRESIDING

# APPENDIX 2

CAUSE NO. D-1-GN-12-003557

| | | |
|---|---|---|
| JENNIFER FRAME, individually and as personal representative of the Estate of John William Griffith; GREG GRIFFITH; CHERYL BURRIS; and DIANA PULIDO. | § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs.* | § § | |
| vs. | § § | OF TRAVIS COUNTY, TEXAS |
| JOSEPH LOUIS ROSALES and CITY OF AUSTIN, | § § § § | |
| *Defendants.* | § § | 53RD JUDICIAL DISTRICT |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CITY OF AUSTIN'S PLEA TO THE JURISDICTION

## I.   INTRODUCTION

This case involves death and serious injuries due to Defendant City of Austin's failure of policy implementation. The City has known for more than 18 years that the section of the Ann and Roy Butler Hike & Bike Trail that passes underneath Lamar Boulevard is dangerous: vehicles traveling at a high rate of speed on West César Chávez Boulevard enter a sharp turn as they approach and leave downtown Austin, and in the very same location joggers, bikers, and other pedestrians on City park land come within feet of those vehicles as the path of the trail converges with the road. Pursuant to policy, the City identified the need for protection of people who used the hike and bike trail and nearby Lance Armstrong bikeway. That is why the City installed a solid concrete barrier on the north side of César Chávez to protect pedestrians and bicyclists, and why the City, through the assistant director of its Parks and Recreation Department, decided a barrier should be installed on the south side of the road as well.

 

In the 15 years preceding this incident, vehicles have been involved in at least 13 separate collisions in and around the section of West César Chávez Boulevard where Colonel Griffith and Ms. Pulido were struck.[5] Those collisions involved vehicles jumping the curb and striking light poles, traffic control devices, trees, and even pedestrians.[6] In a very similar incident in 2006, an inattentive driver jumped the curb heading eastbound on César Chávez and traveled 200 feet down the hike & bike trail before coming to stop after hitting three trees.[7] In another, then-Governor Bush, on his morning jog, was forced to take cover behind a bridge support after a trailer overturned and dumped debris across the trail; the truck pulling the trailer lost control heading eastbound into the curve at an unsafe speed.[8]

Colonel Griffith was killed and Ms. Pulido was injured while both were on the Ann and Roy Butler Hike & Bike trail, a park owned, operated, and controlled by the City.[9] On at least three occasions before Colonel Griffith and Ms. Pulido were struck, concerned citizens contacted the City to request the construction or coordination of safety measures for the express purpose of

---

[5] Plaintiffs' first amended petition, at 5–6.

[6] See, e.g., Plaintiffs' first amended petition, at 5–6.

[7] See generally APD General Occurrence report (Apr. 28, 2006), attached as Exhibit A.

[8] See Plaintiffs' first amended petition, at 5–6.

[9] Plaintiffs' first amended petition, at 4.

-3-